Timothy M. Lynch
Katie S. Davies
HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
(907) 276-5297 Telephone
(907) 278-5291 Facsimile
tlynch@northlaw.com
kdavies@northlaw.com

Attorneys for Gene by Gene, Ltd.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>GENE BY GENE, LTD., a Texas Limited Liability Company d/b/a FAMILY TREE DNA,<br><br>    Defendant. | Case No. 1:14-cv-00004-SLG |

**MOTION TO SCHEDULE FRCP 16 CONFERENCE**

Comes now Defendant, Gene By Gene, Ltd. by and through their attorneys, Hozubin, Moberly, Lynch & Associates and, in accordance with D.Ak. LR 16.1(b(2) and Fed.R.Civ.P. 16(a) and moves this court to order that a pretrial conference be conducted before entering the scheduling order based upon the parties' Fed.R.Civ.P. 27(f) report.

As is clear from the comments in Section III (G) of the "Rule 26(f) Scheduling and Planning Conference Report"[1] there is a serious and significant difference of opinion between the parties as to the need for bifurcation of discovery between class certification

---

[1] Document 30, pp. 2-8.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

and the merits. Plaintiff wishes to conduct simultaneous discovery. Defendant argues that bifurcation is more appropriate and will lead to a more expeditious and correct ruling as to the appropriateness of class certification.

A scheduling conference will allow the parties, with the court's guidance and assistance, to create a "specific and detailed precertification discovery plan" which will "identify the depositions and other discovery contemplated, as well as the subject matter to be covered and the reason it is material to determining the certification inquiry under Rule 23."[2]

The fact that there may be some overlap between the discovery necessary for class certification and discovery on the merits can be best handled with minimal future court involvement by the creation of a detailed discovery plan such as envisioned by the above-quoted authors.

> Class action determination must be approached very carefully for, although it is neither dependent on nor determinative of the merits of the named plaintiffs' claim, such a determination is extremely important. (Citations omitted). Rule 23 was designed to provide flexibility for early and effective management (Citation omitted) and provides "(a)s soon as practicable after commencement of an action," the Court must determine whether the action may be maintained on behalf of a class, and the scope of that class.
>
> Certainly, class determination is preferable before substantial discovery on the merits has been conducted. Where the plaintiffs seek to represent a large national class on a broad spectrum of [issues], discovery can require immense commitments of time, money and resources and involve innumerable documents and records. Neither party would benefit from such extensive expenditures when it could have been determined in the early stages that a class

---

[2] Manual for Complex Litigation (4th) § 21.14.

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

Mot to Schedule FRCP 16 Conf                                           Page 2 of 4
*Cole v. Gene by Gene, Ltd.*                                   Case No. 1:14-cv-00004-SLG
Case 1:14-cv-00004-SLG   Document 31   Filed 09/17/14   Page 2 of 4

Hozubin, Moberly, Lynch & Associates
An Association of Professional Corporations
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291

> action was not appropriate or that the class must be more limited in scope than originally alleged by the plaintiffs.

*Karan v. Nabisco, Inc.*[3]

> In the class action context, one of the first issues confronting the court is class certification. *See* Fed.R.Civ.P. 23(c)(1) ("As soon as practicable after the commencement of the action brought as a class action, the court shall determine by order whether it is to be so maintained"). To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits.

*Washington v. Brown & Williamson Tobacco Corp.*[4]

Therefore, defendant respectfully requests that, prior to issuing its scheduling order, the court enter an order requiring the attendance of an attorney representing each party at a Fed.R.Civ.P. 16 pretrial conference to establish a discovery procedure whereby issues related to class certification may be given priority over issues related to the merits. The attorneys should also be prepared to discuss all other matters that may be properly raised at a Fed.R.Civ.P. 16 pretrial conference.

//

//

//

//

//

//

//

//

---

[3] 78 F.R.D. 388, 395 – 6 (D.C.W.D.Penna. 1978)
[4] 959 F.2d 1566, 1670 – 1 (11th Cir. 1992)

Mot to Schedule FRCP 16 Conf  Page 3 of 4
*Cole v. Gene by Gene, Ltd.*  Case No. 1:14-cv-00004-SLG
Case 1:14-cv-00004-SLG   Document 31   Filed 09/17/14   Page 3 of 4

RESPECTFULLY submitted this 17th day of September, 2014.

HOZUBIN, MOBERLY,
LYNCH & ASSOCIATES
Attorneys for Defendant

By: /s/ Timothy M. Lynch
Timothy M. Lynch
Katie S. Davies
HOZUBIN, MOBERLY,
LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
(907) 276-5297 Telephone
(907) 278-5291 Facsimile
tlynch@northlaw.com
kdavies@northlaw.com
Alaska Bar No. 7111030
Alaska Bar No. 1106058

Certificate of Service

The undersigned herby certifies that
on 17th day of September, 2014 a true and
correct copy of the foregoing was served
via the CM/ECF delivery system upon:

Douglas K. Mertz                *Attorneys for Plaintiff*
Benjamin H. Richman
Jay Edelson
Rafey S. Balabanian
J. Dominick Larry
David I. Mindell


 /s/ Timothy M. Lynch
Hozubin, Moberly, Lynch & Associates

Mot to Schedule FRCP 16 Conf                                Page 4 of 4
*Cole v. Gene by Gene, Ltd.*                          Case No. 1:14-cv-00004-SLG
Case 1:14-cv-00004-SLG   Document 31   Filed 09/17/14   Page 4 of 4