IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GENE BY GENE, LTD., a Texas limited liability company d/b/a FAMILY TREE DNA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:14-cv-00004-SLG |

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all parties have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order. Information subject to this Protective Order may be used only for the purposes of this litigation, and nothing further.

I. Purpose

Disclosure and discovery activity in this action could involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this action is warranted. Accordingly, the parties herby stipulate to and petition the court to enter the following Stipulated Protective Order.

## II.   Cooperation

The parties are aware of the importance the Court places on cooperation and commitment to cooperate in good faith throughout this matter.

## III.   Scope

The protections conferred by this Stipulation and Order cover not only Protected Material, defined below, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties of their Counsel that might reveal Protected Material.

## IV.   Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or review of this action, including the time limits for filing any motions or applications of extension of time pursuant to applicable law.

## V.   Protected Material

### A.   Manner and Timing of Designations

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(1) for information in documentary form, that the Producing Party affix the mark "CONFIDENTIAL - Cole v. Gene by Gene, 1:14-cv-00004-SLG (U.S. D. Ct., AK)," or "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY - Cole v. Gene by Gene, 1:14-cv-00004-SLG (U.S. D. Ct., AK)," to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. All of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," until a different designation is provided by the producing party. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY") to each page that contains Protected Material.

(2) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection, and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the transcript to identify the specific portions of the testimony, as to which protection is sought, and to specify the level of protection being asserted. Alternatively, a Designating Party may specify at the deposition, or up to 21 days after receipt of the transcript afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY."

Parties shall give the other parties notice if they reasonably expect that a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A) are present at those proceedings.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared after the 21-day period for designation has been invoked shall be treated during that period as if it had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(3) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL - <u>Cole v. Gene by Gene</u>, 1:14-cv-00004-SLG (U.S. D. Ct., AK)," or "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY - <u>Cole v. Gene by Gene</u>, 1:14-cv-00004-SLG (U.S. D. Ct., AK). If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. All of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY," until a different designation is provided by the Producing Party.

B.  <u>Inadvertent Failures to Designate</u>

Inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  In the event a Designating Party inadvertently fails to designate qualified material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY," in accordance with the forgoing procedures, the Designating Party shall provide supplemental written notice designating the material under the appropriate confidentiality designation as soon as practicable.  Upon receipt of such supplemental written notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VI.  <u>Challenging Confidentiality Designations</u>

A.  <u>Timing</u>

Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.  <u>Meet and Confer</u>

The Challenging Party shall initial the dispute resolution process consistent with Civil Local Rule 37.1, by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person, telephonically, or via email) within 14 days of the date of service of the notice, unless another period of time is agreed to by the

5

Parties.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first, or established that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

      C.     Judicial Intervention

If the parties cannot resolve the challenge without court intervention, the Challenging Party shall, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier, unless an alternative time frame is otherwise agreed upon, file a motion with the Court to challenge the designation.   All parties shall continue to afford the material in question the level of protection to which is it entitled under the Producing Party's designation until the Court rules otherwise.

VII.    Access To And Use Of Protected Material

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of the Final Disposition section below.

Protected Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Information or documentation designated as "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY," will be secure and, if in data form, encrypted, and a list will be maintained by the Receiving Party as to who has been

6

provided access to the items or information.  The Receiving Party will supply a copy of this list to disclosing party.

In the event that the Receiving Party becomes aware of an unauthorized person having access to information or documentation designated as "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY," the Receiving Party shall (1) take steps to immediately ensure that no other unauthorized persons have or obtain access to the same; (2) immediately notify the Disclosing Party of the breach in security; and (3) return all information or documentation designated as "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY" to the Disclosing Party.  The Disclosing Party will maintain the information or documentation and allow the Receiving Party reasonable access thereto as necessary.

A.  Disclosure of "Confidential" Information or Items

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" only to:

(1) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(2) the officers, directors and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(3) individual plaintiff(s) to whom disclosure is reasonably necessary for this litigation;

(4) experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

7

(5) the court and its personnel;

(6) court reporters and their staff to whom disclosure is reasonably necessary for this litigation and whom have signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(7) during their depositions or trial testimony, witnesses in the action to whom disclosure is reasonably necessary for this litigation, and whom have signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A, unless otherwise agreed by the Designating Party or Ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(8) the author or receipt of a document containing the information or custodian or other person who otherwise possessed or knew the information.

B. <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(1) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(2) experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

8

(3) the court and its personnel;

(4) court reporters and their staff to whom disclosure is reasonably necessary for this litigation and whom have signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A; and

(5) the author or receipt of a document containing the information or custodian or other person who otherwise possessed or knew the information.

VIII. Procedures for Approving or Objecting to Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items to Experts

(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, and any time in the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(2) A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected Material to the

identified Expert unless, within fourteen days of delivering the request, the Party received a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based, and the Parties agree that objections will be made in good faith, and not for harassment or any other improper purpose.

Failure to object to a proposed Expert shall not preclude any party from later objecting to continued access by that Expert where facts suggest the basis for objecting could not have been discovered by the objecting party within the time for making timely objection. If a later objection is made, no further Protected Material shall be disclosed to the designated Expert until the matter is resolved by the parties through the meet-and-confer process, by the Court, or the objecting party withdraws its objection.

(3) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion with the Court.

IX. <u>Protected Material Subpoenaed Or Ordered Produced in Other Litigation</u>

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," that Party must:

(1) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

10

Case 1:14-cv-00004-SLG   Document 43   Filed 11/12/14   Page 10 of 17

(3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

X.      Unauthorized Disclosure of Protected Material

If a Receiving Party learns that, inadvertently or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve and return all unauthorized copies of the Protected Material and delete or otherwise destroy copies, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

XI.     Inadvertent Production of Privileged or Otherwise Protected Material

Production of information that is privileged or otherwise immune from discovery shall be entitled to the protections of F.R.Civ.P. 26(b)(5)(B) and Federal Rule of Evidence 502. In particular, if a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in

11
Case 1:14-cv-00004-SLG   Document 43   Filed 11/12/14   Page 11 of 17

writing, identify the privileged material produced and the basis for withholding such material from production, and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The party asserting the privilege is not required to make a showing prior to the return of the designated material.

The Receiving Party will return such inadvertently-produced item or items of information and destroy copies thereof within ten days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently-produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

XII. <u>Miscellaneous</u>

(a) Nothing in this Order may be construed to compel defendant to violate AS 18.13.010, or do anything that could result in any liability under AS 18.13.020 or criminal penalty under AS 18.13.030.

(b) Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

(c) Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

(d) Privilege Logs. Counsel for a party may withhold documents from production as exempt from discovery because such documents are protected from disclosure under the attorney-client privilege or work product doctrine of Fed R. Civ. P. 26(b), or any other applicable privilege or immunity. For documents so withheld, the

party withholding the documents shall prepare a log consistent with Fed. R. Civ. P. 26(b)(5) identifying each document withheld, the protection claimed, and the basis for the protections. Counsel for either party need not list in any such log any privileged documents or communications between their firm and their client created after the filing of this action.

(e) Filing Protected Materials. In the event a Party wishes to use any Protected Matter in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Protected Material the Party shall seek permission of the Court to file under seal. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the rules.

(f) Use of Protected Materials in Open Court. Prior to the use of any Protected Materials at trial, or any hearing to be held in open court, counsel for any Party who desires to so offer or use such Protected Materials shall meet and confer with the Producing Party, together with any other Parties, to discuss ways to redact or limit disclosure of the Protected Material so that the material may be offered or otherwise used by any Party. If the Parties are unable to resolve a dispute involving such redaction, the Party seeking to use such materials at trial or any hearing may then move the Court to resolve any such dispute.

(g) This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

(h) The party or parties receiving Protected Material shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Material or any information contained therein.

XIII. Final Disposition

Within 60 days after the final disposition of this action, as defined in paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not, the same person or entity to the Designating Party) within ten days of its request for such certification that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other formal reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product unless such contains Protected Material. If such contains Protected Material, it shall be destroyed.

XIV. Definitions

(1) Designating Party. A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

(2) Disclosure or Discovery Material. Any and all information, documents, and things exchanged in or subject to discovery in this litigation produced after May 13, 2014, either by a party or a non-party in response to or in connection with any request for information or discovery related to the litigation, including without limitation initial and expert disclosures, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things produced to the receiving party, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, except otherwise provided by this Order.

(3) "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY." Information or items, extremely sensitive confidential information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. If the information is in the form of data, it will be encrypted by the Receiving Party, and the Receiving Party shall provide the Producing Party a list of individuals who have access to the data upon initial access to it. If additional individuals are given access to such data, the Receiving Party shall provide the Producing Party with a list of such individuals within ten days of their access to the data.

(4) Producing Party. A party or non-party that produces Disclosure or Discovery Material in this action.

(5) Protected Material. Any disclosure or discovery material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

(6) Receiving Party: A party that received disclosure or discovery material from a Producing Party.

**IT IS SO ORDERED.**

Dated this 12th day of November, 2014.

                                               */s/ Sharon L. Gleason*
                                               UNITED STATES DISTRICT JUDGE

Exhibit A

Acknowledgement and Agreement to Be Bound

I, _____ [print or type full name] of _____ _____ [print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Alaska on _____ _____, 2014 in the case of <u>Cole v. Gene by Gene</u>, 1:14-cv-00004-SLG.

I agree to comply with, and to be bound by, all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Alaska for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATE: _____  _____
                                                Print Name: _____

On the above-listed date, _____, known to me, appeared before me, and acknowledged reading and understanding of the aforementioned document, and agreed to abide by the terms of the same. Subscribed and sworn to me on the above-listed date.

                                               _____
                                               Notary in and for the State of _____
                                               My Commission expires: _____