Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *Pro Hac Vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Cole*

Jahna M. Lindemuth (ABA #9711068)
lindemuth.jahna@dorsey.com
John A. Fonstad (ABA #1401005)
fonstad.john@dorsey.com
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, Alaska 99501
Tel: 907.276.4557
Fax: 907.276.4152

*Attorneys for Defendant Gene by Gene, Ltd.*

[Additional counsel appear on the signature page.]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GENE BY GENE, LTD., a Texas limited liability company,<br><br>*Defendant*. | Case No. 1:14-cv-0004-SLG<br><br>**STIPULATED REQUEST FOR AN ORDER GOVERNING DISCOVERY OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**<br><br>Judge: Hon. Sharon L. Gleason |

Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure, Plaintiff Michael Cole and Defendant Gene by Gene, Ltd. (collectively, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree, subject to Court approval, to the following terms governing discovery of documents and electronically stored information ("ESI") in this case:

**I.  GENERAL GUIDELINES.**

A. The Parties agree that, unless otherwise indicated, all discovery requests shall mean for the relevant time period from May 13, 2011 through the date of the request. The Parties further agree to supplement or correct their disclosures or responses to all discovery requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

B. The Parties agree that in responding to any relevant and non-privileged discovery requests, or earlier if appropriate, they will meet and confer to identify appropriate search terms to search for documents and ESI that may be subject to production.

C. The Parties agree to search all reasonably accessible sources (including computers, digital devices, documents, ESI, databases, shared network drives, network servers, and other shared sources of ESI) identified by custodians as containing potentially relevant information for relevant documents and ESI.

D. For each custodian that a producing party identifies as potentially having information responsive to a discovery request, each party agrees to search the custodian's electronic files and databases—including, but not limited to, active and archived email accounts, shared network drives, and work station or laptop hard drives not connected to any shared networks—for relevant documents and ESI.

E. Each party shall bear its own costs for the production of documents and ESI. In the event, however, that a party requests documents or ESI that would result in the production of

cumulative or repetitive information or information that otherwise imposes an undue burden or expense, the producing party may object. Upon objection, the Parties shall work in good faith to resolve the issue. In the event that the Parties are unable to resolve their differences, the producing party may move the Court for an Order shifting the cost of producing such cumulative or repetitive information or information that otherwise imposes an undue burden or expense to the requesting party.

F. By agreeing to this Protocol, neither Party waives any of its rights under Federal Rule of Civil Procedure 26(b), including Rule 26(b)(2)(B).

## II. PRODUCTION FORMATS.

A. Paper documents amenable to being imaged will be produced as images on optical disks (*i.e.*, CDs or DVDs) or external hard drives accompanied by TIFF Image (DII) Load Files. Paper documents may be produced in black-and-white or color, but if a producing party intends to rely in any brief or hearing on an aspect of a document that requires review in color, the party shall produce that document in color. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order entered in this litigation. (*See* Dkt. 43.) Reasonable efforts shall be made to scan the pages at or near their original size. Physically oversized originals, however, may appear reduced. In addition, reducing an image may be necessary to display production numbers and confidentiality designations without obscuring the text. Paper documents produced in this manner will be accompanied by load files with searchable text (including OCR text). If a party desires additional information about a particular paper document produced in this form the Parties will meet and confer regarding the appropriate means to supply the additional information.

B. ESI amenable to being imaged will be produced as images on optical disks (*i.e.*, CDs or DVDs) or external hard drives accompanied by TIFF Image (DII) Load Files. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order entered in this litigation. (*See* Dkt. 43.) ESI produced in this manner will be accompanied by load files with searchable text (including electronically extracted text or, if electronically extracted text is unavailable, OCR text), and to the extent available:

- Unitization (including the production number of the first and last page of each file);

- Attachments (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);

- Confidentiality (including any designation pursuant to the Protective Order);

- Source information (the identity of the custodian, or, if none, a generalized location); and

- Metadata (including author, file type, date created, date modified, title, sender ("from"), primary recipient ("to"), courtesy or carbon copy ("cc"), blind courtesy or carbon copy ("bcc"), subject, sent time/date, received time/date, and MD5 hash value).

C. To the extent that spreadsheets, source code, executable files, videos, animations, audio files, and presentations that include video, animation, or audio shall be produced, these items shall be produced where practical in native format. To the extent that documents produced in native format cannot be rendered or viewed without the use of proprietary software, the Parties shall meet and confer to minimize any expense or burden associated with the review of such documents, including issues as may arise with respect to obtaining access to any such software or operating manuals. All documents produced as native files shall be produced along with a spacer image sheet that is (i) in the format for static images explained above; (ii) indicates that the file

was produced as a native file; and (iii) is marked with a production number. That production number will be the production number of the corresponding native file. The native file shall be named according to this production number.

If production of a particular document as a native format file would result in the disclosure of information protected by the attorney-client privilege, the work-product doctrine or that is otherwise protected from discovery, the producing party may object to its production as a native file and produce, with redactions, the document in static image format as specified above.

D. Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. These files are typically very large and would, if rendered to static image format (e.g., to accommodate redaction of confidential or irrelevant information), produce thousands of pages that would have little utility to a reviewer. The producing party may opt to product relevant and responsive information from databases in an alternative form, such as a report or data table. These reports or data tables will be produced in a static image format.

E. If a party identifies responsive documents or information in a form that cannot reasonably be imaged and that does not fall within the categories to be produced in native format, that party shall inform the requesting party of the existence of such records. The Parties shall then meet and confer regarding the appropriate means for producing or permitting inspection of such records.

F. All imaged documents shall be provided with an associated image load file. No document should span or break across multiple folders, and no folder should contain more than 1,000 images. To the extent that a single document contains more than 1,000 images, that

document shall be produced in a single folder containing all of the images that are part of the document.

**III.   DUPLICATES.**

   A.   To the extent that exact duplicate documents or ESI (based on MD5 or SHA-1 hash values) reside within a party's data set, each party is only required to produce a single copy of the responsive information. *This de-duping should be done only on exact duplicate documents or ESI.* Only documents where the main document and attachments are exactly the same will be considered exact duplicates (i.e., the de-duplication should be done on a family level). If a document is de-duplicated across custodians, then a metadata field called "OTHERCUSTODIANS" must be provided listing the names of other custodians who were in possession of the document at the time of collection, but whose copy has been withheld as an exact duplicate.

**IV.   DOCUMENTS PROTECTED FROM DISCOVERY.**

   Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The Parties further agree that any privileged or work-product-protected documents or ESI inadvertently produced shall be returned by the receiving party immediately upon the request of the producing party. Any information derived solely from any inadvertently produced document subject to a proper claim of privilege/protection shall not be used by the receiving party in any manner.

In addition, nothing in this Protocol shall be interpreted to require disclosure of irrelevant information or of relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. The Parties do not waive any objections to the production or discoverability of any document or information, including, without limitation, objections regarding burden overbreadth, or relevance of document requests.

**V.     MODIFICATION.**

This Stipulated Order may be modified by a stipulated request of the Parties, subject to Court approval, or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**MICHAEL COLE**, individually and on behalf of all others similarly situated,

Dated: July 31, 2015     By: /s/ *J. Dominick Larry* (with consent)
         One of Plaintiff's Attorneys

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *Pro Hac Vice*)
nlarry@edelson.com
David I. Mindell (Admitted *Pro Hac Vice*)
dmindell@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Douglas K. Mertz (ABA 7505027)
mertzlaw@gmail.com
MERTZ LAW
319 Seward Street, Suite 5
Juneau, Alaska 99801
Tel: 907.586.4004
Fax: 888.293.2530

*Attorneys for Plaintiff Cole*


**GENE BY GENE, LTD.**,

Dated: July 31, 2015        By: /s/ *John A. Fonstad*
    One of Defendant's Attorneys

Jahna M. Lindemuth (ABA #9711068)
lindemuth.jahna@dorsey.com
John A. Fonstad (ABA #1401005)
fonstad.john@dorsey.com
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, Alaska 99501
Tel: 907.276.4557
Fax: 907.276.4152

Timothy J. Petumenos (ABA #7611147)
timp@tpaklaw.com
LAW OFFICES OF TIM PETUMENOS
2550 Denali Street
Anchorage, Alaska 99503
Tel: 907.273.2670

*Attorneys for Defendant Gene by Gene, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2015,
a copy of foregoing was served
via ECF on the following:

| | |
|---|---|
| Jay Edelson | Douglas K. Mertz |
| Rafey S. Balbanian | 319 Seward Street, Suite 5 |
| Benjamin H. Richman | Juneau, Alaska 99801 |
| J. Domnick Larry | mertzlaw@gmail.com |
| David I. Mindell | |
| Edelson PC | |
| 350 North LaSalle Street, Suite 1300 | |
| Chicago, Illinois 60654 | |
| jedelson@edelson.com | |
| rbalabanian@edelson.com | |
| brichman@edelson.com | |
| nlarry@edelson.com | |
| dmindell@edelson.com | |

/s/ *John A. Fonstad*