Timothy Petumenos (ABA #7611147)
timp@tpaklaw.com
LAW OFFICE OF TIM PETUMENOS, LLC
1227 West 9th Ave., Suite 200
Anchorage, AK 99501
Tel. 907-276-2676
Fax: 907-277-8235

Jahna M. Lindemuth (ABA #9711068)
lindemuth.jahna@dorsey.com
Dorsey & Whitney LLP
1031 West Fourth Avenue, Suite 600
Anchorage, Alaska 99501
Tel: 907-276-4557
Fax: 907-276-4152

Matt Wojick (ABA #07100710)
Matt.wojcik@bullivant.com
Bullivant Houser Bailey PC
1700 Seventh Ave., Suite 1810
Seattle, WA 98101
Tel. 206-521-6485
Fax. 206-386-5130

*Attorneys for Defendant Gene by Gene, Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GENE BY GENE, LTD., a Texas limited liability company,<br><br>*Defendant*. | Case No. 1:14-cv-0004-SLG<br><br>**UNOPPOSED MOTION TO EXTEND PRETRIAL DEADLINES**<br><br>Judge Sharon Gleason |

Defendant Gene by Gene (GbyG) requests that this Court extend the existing pretrial deadlines in the above titled matter based upon the existence of extraordinarily good cause to do so. This request is unopposed by the Plaintiff. The request is for an extension of pretrial deadlines by approximately 90 additional days. Extraordinary good cause exists because of a development in related litigation in the Southern District of Texas, *Evanston Insurance Company v. Gene by Gene, Ltd*, Civil Action H-14-1842. Evanston Insurance Company (Evanston) filed an action for declaratory judgment heard by United States District Judge David Hittner as to whether Evanston owed a duty to defend and a duty to indemnify Gene by Gene, Ltd (GbyG) in this action.

On January 6, 2016 Judge Hittner issued an order on summary judgment which is attached to this motion as Exhibit A. The impact of this order is that Evanston has been found to owe GbyG both a defense and indemnification for the claims made in the lawsuit pending before this Court. Since the issuance of this order, Evanston and GbyG have been in negotiations for the final resolution of the declaratory judgment action. Plaintiff's counsel in this matter were also involved in these discussions insofar as they impacted potential scheduling of this matter.

The result of these negotiations is that Evanston has agreed to accept the order of Judge Hittner, and not litigate the matter further. Evanston now wishes to choose defense counsel for GbyG pursuant to the attached order and these negotiations. For that reason, the law firm of Bullivant Houser and Bailey, P.C, 1700 Seventh Ave., Suite 1810, Seattle, WA 98101 has entered its appearance as additional counsel for GbyG in this matter. The agreement between Evanston and GbyG, however, is contingent upon this Court allowing new counsel an additional 90 days to acquaint itself with the evidence and legal issues involved in defending GbyG.

At the time of the issuance of the order by Judge Hittner, GbyG had been working diligently to comply with extensive requests for production of documents, almost all of it electronic, propounded by plaintiff. The result of this effort was the production of about 550,000 pages of documents to plaintiff, which was completed weeks ago. As of the time of the filing of this motion, present counsel for GbyG was in the process of scheduling depositions to meet the Court's existing March 18, 2016 deadline for the close of fact discovery.

Because the resolution of the parallel insurance coverage dispute is of significant importance to both the plaintiff and defendant in the matter pending before the Court, a reasonably short extension of deadlines to allow the Bullivant firm to come up to speed is in the interest of all parties. It assists in the final resolution of the parallel insurance coverage action, affords the insurer the right to choose defense counsel to represent GbyG now that it unconditionally proposes to defend and indemnify GbyG, and resolves an insurance issue which is also potentially in the plaintiff's interest. However, the Rules of Professional Conduct do not permit present counsel to withdraw, as Evanston has requested, unless the interests of their existing client are not prejudiced. *See*, RPC 1.16(d). In this instance, it is the judgment of present counsel that a condition of the proposed settlement of the parallel insurance dispute requires this Court to agree to allow for an extension of deadlines so that GbyG is not prejudiced by the substitution of counsel now that Evanston has chosen to defend the matter.

The foregoing, and a draft of this motion, has been shared with plaintiff class counsel, who do not oppose the requested extension of deadlines. Full settlement of the insurance dispute between Evanston and GbyG has the potential of advancing the ultimate resolution of this action. Defendant is mindful of this Court's admonition in its November 4, 2015 order that further extensions would be granted only for extraordinary good cause shown. GbyG proffers that

UNOPPOSED MOTION FOR EXTENSION OF PRETRIAL DEADLINES  -  3
*Cole v. Gene by Gene, Ltd.*, Case No. 1:14-cv-00004-SLG

extraordinary good cause exists to extend deadlines for an additional ninety days for the following reasons:

- Resolution of the parallel insurance coverage dispute is very important to this case.

- The request of an insurer to select defense counsel for its insured of its choosing where it does not seek to reserve rights to indemnify its insured is a reasonable condition upon which to resolve an insurance coverage dispute.

- The amount of time being requested to bring in counsel of Evanston's choice is reasonable under the circumstances.

- GbyG was diligent in pursuing the insurance coverage claim and did not receive a ruling from the Southern District of Texas until recently.

- GbyG has been diligent in fulfilling its discovery obligations during the time since existing counsel entered the case and has materially advanced discovery by finishing the document production component of the case.

- Resolution of the insurance coverage issue can only be resolved consistent with RPC 1.16(d) if this Court grants a reasonable extension.

- The plaintiff class does not oppose this motion.

Therefore, after consultation with new counsel for GbyG and with plaintiff class counsel, new proposed deadlines have been agreed to, subject to this Court's approval, as follows:

| Event | Current Deadline | Proposed Extension |
|---|---|---|
| Close of fact discovery | March 18, 2016 | June 16, 2016 |
| R. 26(a)(2) exp. witness disclosure | April 19, 2016 | July 14, 2016 |
| Fact disc. motion deadline | April 19, 2016 | July 14, 2016 |
| Rebuttal expert reports | May 10, 2016 | August 4, 2016 |

| Rule 26(a)(1) supplementation | May 18, 2016 | August 4, 2016 |
| Close of expert discovery | July 13, 2016 | September 26, 2016 |
| *Daubert* motion deadline | July 27, 2016 | October 10, 2016 |
| Expert discovery motion deadline | August 12, 2016 | October 21, 2016 |
| Class certification motion | September 14, 2016 | November 18, 2016 |

A proposed form of order is attached to accomplish the foregoing.

DATED this 9th day of February, 2016, at Anchorage, Alaska.

   /s/ Timothy J. Petumenos
Timothy J. Petumenos, ABA #7611147
timp@tpaklaw.com
LAW OFFICE OF TIM PETUMENOS
1227 West Ninth Avenue, Suite 200
Anchorage, AK  99501
Tel: 907-276-2676
Fax: 907-277-8235

Jahna M. Lindemuth, ABA #9711068
lindemuth.jahna@dorsey.com
DORSEY & WHITNEY LLP
131 West Fourth Avenue, Suite 600
Anchorage, AK  99501
Tel:  907-276-4557
Fax: 907-276-4152

Matt Wojick (ABA #07100710)
Matt.wojcik@bullivant.com
BULLIVANT HOUSER BAILEY PC
1700 Seventh Ave., Suite 1810
Seattle, WA 98101
Tel. 206-521-6485
Fax. 206-386-513

*Attorneys for Defendant Gene by Gene, Ltd.*

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2016,
the foregoing document was electronically served through
the court's CM/ECF system on the following:

Jay Edelson
Rafey Balbanian
Benjamin Righman
J. Dominick Larry
David Mindell
EDELSON PC
jedelson@edelson.com
rbalbanian@edelson.com
brichman@edelson.com
nlarry@edelson.com
dmindell@edelson.com


Douglas K. Mertz
mertzlaw@gmail.com


  /s/ Tim Petumenos
   Tim Petumenos