Matthew R. Wojcik, ASB#0710071
E-Mail: matt.wojcik@bullivant.com
BULLIVANT HOUSER BAILEY PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930
Facsimile: 206.386.5130
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENE BY GENE, LTD., a Texas Limited Liability Company d/b/a FAMILY TREE DNA,<br><br>Defendant. | Civil No.: 1:14-cv-00004-SLG<br><br>DECLARATION OF MAX BLANKFELD' REGARDING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER |

I, Mordechaj ("Max") Blankfeld, swear under penalty of perjury the following to be true:

1. I am over the age of eighteen and am competent to testify. I have personal knowledge of the facts contained herein.

2. I am one of the founders of Gene by Gene, Ltd. I currently serve as its Chief Operating Officer and am a managing partner of the company.

3. In responding to the written discovery to date, including information pursuant

DECLARATION OF MAX BLANKFELD' REGARDING DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER
Page 1 of 7

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

to the ESI Stipulation, my company has, at a minimum, invested the following number of man-hours:

| | |
|---|---|
| Briefing/Discussion with counsel or among employees to properly execute discovery production | 81 |
| Execution of searches and data and document collection in order to respond to discovery, including interfacing with third parties to acquire documents outside our possession | 144 |
| Packaging data and documents for shipping and production | 22 |
| Interfacing with customers regarding complaints and upset due to delays of products and services due to diverted manpower | 65 |
| TOTAL Hours GbG Time Expended Due to Written and ESI Discovery for this matter in 2015 | 312 |

4. From June, 2015 through the end of December, 2015, Gene by Gene incurred $186,470.85 in legal fees on this action alone (not including other actions or efforts related to this suit). The strong majority of these fees related to the collection, processing, and review of documents by attorneys.

5. The above numbers only address time and effort spent on discovery in 2015. It does not include the time my employees have spent responding to Plaintiff's second discovery requests, or preparing for depositions that the Plaintiff canceled at the last minute.

6. Complying with discovery to date also substantially delayed a number of projects and developments that we could have been dedicating time to had we not been compiling this extensive discovery, including but not limited to the following:

    a. Development of tech related to memory storage so that results may be

**DECLARATION OF MAX BLANKFELD' REGARDING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**
**Page 2 of 7**

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

delivered to customers,

 b. Installation and configuration of storage, requiring suspension of certain products due to a lack of storage space,

 c. Regular maintenance of tech which impeded performance of some services on some pipelines,

 d. Development of certain procedures to reduce server load and improve customer service and customer turn-around time,

 e. The reconfiguration of the Group Administrator Page,

 f. The reconfiguration of certain Family Finder projects,

 g. Planning and development of key conferences and events, and

 h. Deprivation of employee access to management and tech leaders who could troubleshoot issues, creating down time for them which is not accounted in the above.

7. In particular, the timing of this discovery greatly disrupted our ability to produce Big Y results. These results were promised to our customers by a certain date. Each Big Y result contains information regarding 15 million data points which are held in a BAM file. This BAM file enables a viewer to access particular data points upon request, and can be used to interpret particular points of DNA. However, the files are extremely large, and require a large amount of memory. Our tech department had intended to install one million dollars' worth of hardware infrastructure which would have enabled us to upload Big Y results for our clients. Because our tech department was consumed by compiling the ESI for this case, it was unable to set up this hardware, significantly contributing to a 6 week delay in the delivery of the Big Y results to our customers. This disrupted the course of dealings with many customers who were upset about the delays, and affected our goodwill with researchers and genetic genealogists whose time-sensitive projects were affected by these delays.

DECLARATION OF MAX BLANKFELD' REGARDING DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER
Page 3 of 7

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

8. In total, 162,008 documents were produced electronically. A few hundred more were produced by more traditional mail and email measures. I understand they amount to nearly 1.3 million pages of information, and nearly 69 gigabytes of stored data. This is *after* attorney John Fonstad and his staff performed a review and removed some privileged documents, meaning that at some point, we were dealing with more documents and more data.

9. When responding to the discovery requests as discussed above, we considered utilizing an outside service to save the time and resources of the company's employees. We were quoted rates of $225 an hour for work, as well as a $50 per gigabyte charge for uploading the data. Had we chosen to go this route, this would have come to a minimum cost of $59,025 ((247 non-consequential hours x $225(hr) = $55,575) + (69 gigabytes of data uploaded x $50 per gigabyte= $3,450)).

10. I have received and reviewed Plaintiff Michael Cole's Second Set of Requests for Production of Documents to Defendant Gene by Gene, Ltd., and Plaintiff Michael Cole's Second Set of Interrogatories to Defendant Gene by Gene, Ltd. They are attached as Exhibits A and B.

11. The scope of these requests is wide and onerous. A brief discussion with my technical staff has confirmed that preparing a complete response to these requests, particularly those addressing ESI, would be at least as timely and costly as the productions done to date, and likely more so. In particular, these requests address multiple third party software vendors. Therefore, my staff, or someone charging $225 per hour, would need to interface with multiple third parties to compile data.

12. This expense and burden is particularly frustrating because of the overbroad

**DECLARATION OF MAX BLANKFELD' REGARDING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**
**Page 4 of 7**

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

nature of the discovery requests. For example, not one of the requests is confined to information dealing with Alaska customers – although I understand Plaintiff's attorneys later agreed to this. There are requests for information about MyHeritage Ltd.; DNAGedcom.com; D.C. Thompson & Co. Ltd.; DNA Worldwide Group, Ltd.; Medical Incentive Technologies, LLC; Intellectual Reserve, Inc.; S&N British Data Archive, Ltd. I am unaware of any of these companies having anything to do with the alleged disclosure of genetic information of our Alaskan customers. Some of these companies have no relationship with Gene by Gene, at all. Regardless, they are not Gene by Gene companies, and many of them are not even located within this country. Most importantly, none of these companies have had access to the FTDNA database.

13. Plaintiff also requests ESI generated by unrelated companies like JIRA and Spiceworks – ESI which we never possessed or controlled. Plaintiff requests documents related to lobbying efforts which have nothing to do with the allegations of Plaintiff's Complaint. Most offensive to me is the multiple requests for information relating to a coverage lawsuit regarding insurance for this action. A federal court has already found that we have coverage, and Plaintiff has the applicable insurance policies – Plaintiff now knows that he has the money if damages are established. By asking for more, Plaintiff seeks fodder for distraction in the wounds of an old battle.

14. While Gene by Gene has services other than the genealogical services offered by its FTDNA branch, the universe of these services is kept separate and apart from FTDNA. The FTDNA database is not combined with any other databases, and is stored on a separate server. Any DNA kits provided for non-genealogical services are kept separate from the kits provided for genealogical services, and the kit numbers are obviously different so that

DECLARATION OF MAX BLANKFELD' REGARDING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
Page 5 of 7

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

employees will immediately know whether a kit relates to genealogy or some other purpose. This is due to, among other things, the FDA's treatment of genealogical DNA tests as separate from medical ones.

15. My company is being held captive by the Plaintiffs who are demanding everything under the sun. It is causing expenses and delays, and is damaging the morale of several of my employees. All for information that seems unrelated to Plaintiff's allegations. I respectfully request that my company be relieved of the hundreds of hours of labor, delays in revenue-building projects, and damage to goodwill that these extensive discovery requests cause when there is no perceivable connection between the information requested and the disclosure of Plaintiff's "class" of one Alaskan's DNA.

DATED June 30, 2016 in Houston, Texas.

_____
Max Blankfeld

16011908.1

DECLARATION OF MAX BLANKFELD' REGARDING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
Page 6 of 7

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Jay Edelson
Rafey S. Balbanian
Benjamin H. Richman
J. Dominick Larry
David I. Mindell
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
nlarry@edelson.com
dmindell@edelson.com
Attorneys for Plaintiff

Timothy J. Petumenos
Law Offices of Tim Petumenos
2550 Denali Street, Sujite 1502
Anchorage, Alaska 99503
timp@tpaklaw.com
Attorneys for Defendant

Douglas K. Mertz
319 Seward Street, Suite 5
Juneau, Alaska 99801
dkmertz@ak.net
Attorneys for Plaintiff

/s/ Matthew Wojcik
Matthew Wojcik

DECLARATION OF MAX BLANKFELD' REGARDING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
Page 7 of 7

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930