Matthew R. Wojcik, ASB#0710071
E-Mail: matt.wojcik@bullivant.com
BULLIVANT HOUSER BAILEY PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930
Facsimile: 206.386.5130
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GENE BY GENE, LTD., a Texas Limited Liability Company d/b/a FAMILY TREE DNA,<br><br>    Defendant. | Civil No.: 1:14-cv-00004-SLG<br><br>DECLARATION BY JOHN FONSTAD REGARDING DOCUMENT DISCOVERY |

I, John Fonstad, under penalty of perjury declare the following to be true:

1. I am over the age of eighteen and am competent to testify.

2. While I was an Associate Attorney at Dorsey & Whitney, LLP ("Dorsey"), I was an attorney of record for Defendant in this matter from June 12, 2015 through February 2, 2016. My withdrawal was a result of a change in my employment and departure from Dorsey.

3. I have personal knowledge of the facts asserted herein.

4. I negotiated the ESI stipulation which governs the parties to this case. I was

DECLARATION BY JOHN FONSTAD REGARDING DOCUMENT DISCOVERY
Page 1 of 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone (206) 292-8930

involved in the collection and processing of ESI related to this case.

5. One of my immediate tasks upon appearing was working with Plaintiff regarding the 68 requests for production that they had propounded on February 17, 2015. (These requests were propounded before the Defendant retained Dorsey in this matter.) A true and accurate copy of those requests is attached as Exhibit 1.

6. To the best of my recollection, in early July 2015, I participated in a conference call with Plaintiff's counsel regarding discovery, including electronic discovery. At that time, it became clear that the best way to address the numerous document requests was to proceed with electronic discovery of the Defendant's various electronic repositories pursuant to an ESI protocol and an agreed list of search terms.

7. On July 13, 2015, I forwarded a draft ESI protocol and proposed search terms to Plaintiff's counsel.

8. On July 15, 2015, I received Plaintiff's redlines to the ESI protocol and search terms. Plaintiff had made substantial changes, and another phone call was necessary to flesh out and resolve certain technical and practical differences and issues.

9. On or around July 20, 2015, I had another call with the Plaintiff's attorneys to address the ESI protocol. As far as I recall, we discussed my concerns with their changes to the ESI protocol, as well their proposed changes to the list of search terms. During that conversation, the parties agreed the proposed list of search terms was meant to be broad in scope and comprehensive. I explained that it would be burdensome and inefficient if Plaintiffs would later ask for additional search terms, since this would necessitate re-running searches and re-collecting documents from all of the Defendant's ESI repositories; Plaintiff's counsel indicated that they understood this issue.

DECLARATION BY JOHN FONSTAD REGARDING DOCUMENT DISCOVERY
Page 2 of 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone (206) 292-8930

10. On July 27, 2015, Plaintiff's attorneys confirmed via email that the list of search terms was agreeable to them. At that time, they also provided a new set of redlines to the ESI protocol.

11. On July 29, 2015, I sent back additional changes to the ESI protocol.

12. On July 30, 2015, we had an additional conference call regarding the ESI protocol.

13. On July 31, 2015, we finalized the ESI protocol.

14. Attached as Exhibit 2 is a true and accurate copy of an email chain detailing paragraphs 7 through 13, above.

15. After we finalized the search terms and reached a framework for collecting the ESI, I immediately began working with the Defendant to execute the ESI search. We began by identifying all potential custodians — we did so by assessing employees' job titles and responsibilities; we identified additional custodians by running the agreed-to search terms against all employee email accounts. After creating a list of custodians, we began our collection efforts with the custodial emails.

16. On August 6, the Court entered an order approving the ESI stipulation of the parties. Please see Dkt. 55 and 56.

17. On August 17, Nick Larry emailed me because he had not yet received a production of ESI documents pursuant to the ESI protocol. It had been 11 days since the agreement had been entered. I informed Mr. Larry that the large amount of data being processed would need more time, but that the client had already sent Dorsey a hard drive of collected ESI, and that we were processing the information as fast as we could.

18. Very quickly, we detected an issue with the metadata in our initial email

DECLARATION BY JOHN FONSTAD REGARDING DOCUMENT DISCOVERY
Page 3 of 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone (206) 292-8930

collection. By running the search terms in the Defendant's email database and exporting the results, we were either not collecting all of the email metadata or altering some of the email metadata. In order to comply with the ESI protocol, we had to re-think and revise our method of collecting emails. Ultimately, we had to export entire email databases for each custodian; we then ran the search terms against these emails in Dorsey's electronic discovery database program.

19. To the best of my recollection, I called Plaintiff's counsel and made them aware of our issue with collecting emails. Due to the extra time required for re-doing the email collection and the extra processing time required to re-process the (now much larger) volume of email collection, we opted to begin our productions on a rolling basis.

20. On August 31, 2015, Defendant produced bates numbers GBG00000001 - GBG00085552. At some point, Plaintiff's counsel contacted me because they were having technical issues with our production. We addressed those issues, and Plaintiff later indicated that the production was "working on a technical level." A true and accurate copy of a pertinent email chain regarding the technical issues is attached as Exhibit 3.

21. On September 8, 2015, Defendant produced bates numbers GBG00085553 - GBG00143633. Plaintiff later indicated that the production was "working on a technical level." See Exhibit 3.

22. On September 21, 2015, Defendant produced bates numbers GBG00143634 – GBG00302873. Plaintiff later indicated that the production was "working on a technical level." See Exhibit 3.

23. On October 2, 2015, Defendant produced bates numbers GBG00302874 - GBG00354189. Plaintiff later indicated that the production was "working on a technical

DECLARATION BY JOHN FONSTAD REGARDING DOCUMENT
DISCOVERY
Page 4 of 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone (206) 292-8930

level." See Exhibit 3.

24. On October 14, 2015, Defendant produced bates numbers GBG00354190 - GBG00506488. To the best of my recollection, Plaintiff did not indicate any issues with loading or processing the documents, or the format in which they arrived.

25. On November 11, 2015, Defendant produced bates numbers GBG00506489 - GBG00518384. To the best of my recollection, Plaintiff did not indicate any issues with loading or processing the documents, or the format in which they arrived.

26. On January 25, 2016, Defendant produced bates numbers GBG00518385 - GBG00594736. To the best of my recollection, Plaintiff did not indicate any issues with loading or processing the documents, or the format in which they arrived.

27. Attached as Exhibit 4 are true and accurate copies of the cover letters for the above-described document productions.

28. As can be deduced from the number of productions, the documents were collected from the Defendant's various ESI repositories in batches.

29. The method of production, which I describe while expressly reserving attorney client privilege and attorney work product protections, is as follows:

    a. Gene by Gene employees who were performing searches pursuant to my instructions would collect and send a set of documents to Dorsey.

    b. At Dorsey, a search would be run for potentially privileged documents. The terms of the search were intentionally expansive, so that error was on the side of "catching" privileged documents. More than 60 search terms were used to detect potential privilege.

    c. Potentially privileged documents were sequestered for a privilege review. I

DECLARATION BY JOHN FONSTAD REGARDING DOCUMENT DISCOVERY
Page 5 of 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone (206) 292-8930

performed this review along with paralegal Karina Chambers, who was at co-counsel Tim Petumenos's office. We individually reviewed every potentially privileged document to determine whether or not a privilege existed.

d. Because of the large volume of documents responsive to the list of search terms on which the Plaintiff agreed, we did not have the time or resources to perform an individualized review for responsiveness prior to the production of documents. Plaintiff's attorneys were informed and acknowledged that our production would include "false positive" hits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: June 29, 2016

By _____
John Fonstad

4817-1595-3716.1

DECLARATION BY JOHN FONSTAD REGARDING DOCUMENT DISCOVERY
Page 6 of 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone (206) 292-8930

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Jay Edelson
Rafey S. Balbanian
Benjamin H. Richman
J. Dominick Larry
David I. Mindell
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
nlarry@edelson.com
dmindell@edelson.com
Attorneys for Plaintiff

Timothy J. Petumenos
Law Offices of Tim Petumenos
2550 Denali Street, Sujite 1502
Anchorage, Alaska 99503
timp@tpaklaw.com
Attorneys for Defendant

Douglas K. Mertz
319 Seward Street, Suite 5
Juneau, Alaska 99801
dkmertz@ak.net
Attorneys for Plaintiff

/s/ Matthew Wojcik
Matthew Wojcik

DECLARATION BY JOHN FONSTAD REGARDING DOCUMENT DISCOVERY
Page 7 of 7

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone (206) 292-8930