Matthew R. Wojcik, ABA 0710071
E-mail:     matt.wojcik@bullivant.com
E. Pennock Gheen, Pro Hace Vice
E-mail:     penn.gheen@bullivant.com
Holly D. Brauchli, Pro Hac Vice
E-mail: holly.brauchli@bullivant.com
Bullivant Houser Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930
Facsimile: 206.386.5130
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GENE BY GENE, LTD., a Texas Limited Liability Company d/b/a FAMILY TREE DNA,<br><br>　　　　　Defendant. | Civil No.: 1:14-cv-00004-SLG<br><br>DECLARATION OF MATTHEW R. WOJCIK REGARDING DISCOVERY ISSUED TO PLAINTIFF TO DATE |

I, Matthew R. Wojcik, under penalty of perjury declare the following to be true:

1.　　I am over the age of eighteen and am otherwise competent to testify. I am counsel of record for Gene By Gene, Ltd., in this matter. I have reviewed files and have personal knowledge of the facts asserted herein.

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 1 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone　(206) 292-8930

2.      As the Court is aware, the Southern District of Texas (Texas Court) made a ruling regarding insurance coverage for the Defendant in this case. The matter was <u>Evanston Insurance Co. v. Gene by Gene Ltd.</u>, No. 14-cv-01842. The allegations of that suit addressed whether or not Plaintiff's allegations under the Alaska Genetic Privacy Act could be excluded from applicable insurance policies. On January 6, 2016, the Texas Court ruled that the allegations of the Complaint do not address "the type of unsolicited speculation invasion contemplated by the Exclusion." Thus, the Texas Court found that Defendant Gene by Gene was covered by insurance for the purposes of this lawsuit. A true and accurate copy of this ruling is attached for the Court's reference as **Exhibit 1**.

3.      I have reviewed the documents in the Texas coverage matter, including those related to the motion for summary judgment filed by Gene by Gene, which ultimately resulted in the disposition of the case. As is typical of coverage actions, the merits of Plaintiff's allegations were not before the Court in determining the legal construction of the contractual relationship between the insurer and its insured. I attach true and accurate copies of the declarations submitted to the Texas Court in relation to the summary judgment motion as **Exhibits 2 and 3**. Other than a comment regarding intent written by a Markel Insurance employee, the Texas Court considered as evidence only insurance policies and public legislative materials.

4.      My firm was retained after the Texas Court enter its ruling on coverage. Our notice of appearance was entered on February 2, 2016.

5.      Defendant had two counsel prior to retaining Bullivant. The first was attorney Tim Lynch. During his involvement, Defendant responded to Plaintiff's first discovery

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 2 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone   (206) 292-8930

requests. I am unaware of any issue or dispute that occurred at that time.

6. Defendant then sought representation through Dorsey & Whitney ("Dorsey"). Counsel Jahna Lindemuth and John Fonstad were counsel of record. During their involvement, Dorsey worked with Edelson to develop a Stipulation regarding electronically stored information. The Stipulation was entered with the Court on August 6, 2015. Please see Mr. Fonstad's declaration for a detailed explanation of this process.

7. Attached as **Exhibit 4** is a true and accurate copy of Plaintiff's Responses to Gene by Gene's Requests for Admission.

8. On August 31, 2015, Defendant produced bates number GBG00000001 - GBG00085552.

9. On September 8, 2015, Defendant produced bates number GBG00085553 - GBG00143633

10. On September 21, 2015, Defendant produced bates number GBG00143634 – GBG00302873.

11. On October 2, 2015, Defendant produced bates number GBG00302874 - GBG00354189.

12. On October 14, 2015, Defendant produced bates number GBG00354190 - GBG00506488.

13. On November 11, 2015, Defendant produced bates number GBG00506489 - GBG00518384.

14. On January 25, 2016, Defendant produced bates number GBG00518385 - GBG00594736.

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 3 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone    (206) 292-8930

15. As soon as Bullivant was retained, it worked with Dorsey to transfer to Bullivant files relating to the production of nearly 600,000 pages worth of documents. Due to the massive size of the data, the file transfers took longer than expected, and Dorsey was unable to ship a hard drive containing information to Bullivant until February 22, 2016. Bullivant did not receive the hard drive until February 23, 2016.

16. At that point, Bullivant needed to convert the data into a viewable format. To do this, the data needed to be loaded into a document review database, and then processed. Bullivant began the process of loading the data to the databased on February 23, 2016. The database was not able to be fully loaded until March 6, 2016. It was not fully processed and ready for viewing until March 10, 2016. At that point, Bullivant began the process of reviewing and triaging data.

17. Shortly after beginning the review process, it became clear that the majority of the ESI produced was not relevant to the issues and allegations of this case. However, the protective provisions of the ESI stipulation seemed to adequately cover this, so Bullivant took no further action, except for internally separating non-responsive documents from the responsive documents.

18. On April 13, 2016, Bullivant became aware that documents containing privileged communications, sensitive information, proprietary trade secrets and business information may have also been produced. Due to a number of issues that had occurred with the transfer of ESI data from Dorsey to Bullivant, Bullivant decided to take steps to investigate and determine whether this information had actually been produced to Edelson.

19. Meanwhile, through the course of March and April, 2016, Bullivant had been

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 4 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone (206) 292-8930

working with Plaintiff's counsel to schedule ten depositions between May 31, 2016 and June 16, 2016.

20. On April 18, 2016, Edelson served 4 additional interrogatories and 58 additional requests for production. Many of these requests addressed documents or topics unrelated to the alleged disclosure of the genetic information of Alaska residents, and instead touched on irrelevant proprietary information. Pursuant to federal and local rules, responses or objections to the requests were due on May 18, 2016. The first deposition of a party was scheduled, at the time, for May 31, 2016.

21. By inference, Plaintiff's counsel expected to receive full responses without objections to 58 separate document requests, and to review and process the responses for use in depositions in less than 13 days (between May 18 and May 31, 2016). This proved to be a set up to cancel the depositions and blame it on Bullivant for "prejudic[ing] [Plaintiff's counsel's] ability to appropriately prepare for the depositions."

22. On April 19, 2016, Bullivant was able to contact Dorsey regarding the specifics of the past document production. On April 20, 2016, attorney Lindemuth informed counsel that attorney Fonstad, who was on point for the document production, had left Dorsey to take a position with the United States Attorney's Office. She provided contact information for him.

23. On or about April 21 or 22, 2016, Bullivant was able to contact Mr. Fonstad to assess what documents had actually been produced to Plaintiffs and what methods had been employed to address issues of privilege.

24. During the rest of April and early May, Bullivant took steps to verify the steps Mr. Fonstad had taken and to identify the breadth of documents it had already reviewed which

Bullivant|Houser|Bailey PC

1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone (206) 292-8930

should be clawed back because they were 1) privileged or 2) proprietary business information or trade secrets that were irrelevant to the case.

25. On May 12, 2016, Bullivant issued correspondence notifying counsel of the potentially inadvertently disclosed documents and requesting clawback of them pursuant to the clawback provisions entered into by the parties. A true and accurate copy of that correspondence is attached as **Exhibit 5**. Plaintiff did not provide a response for several days.

26. We had serious concerns regarding the extent and scope of Plaintiff's voluminous discovery requests. The requests did not identify documents with particularity. Many of them had no discernable relationship to the allegations of this case. We were concerned that attempting to comply with them would result in a wild goose chase that would cost significant time and money and result in the production of additional hundreds of thousands of pages of information that was not relevant to the issues of this case. On May 16, 2016, Bullivant served objections to the discovery requests and a request to meet and confer regarding the discovery requests.

27. On May 18, 2016, Edelson served its own meet and confer correspondence addressing the clawback letter and the discovery responses. Ultimately, a discovery conference was scheduled for May 23, 2016.

28. On May 19, 2016, Bullivant retained Discovia, an electronic discovery services provider, to assist with this matter. Specifically, Discovia would be available to assist with the identification of any documents which were inadvertently disclosed, the identification of non-responsive documents, and re-production of documents after clawback pursuant to the ESI Stipulation and rules of discovery.

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 6 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone   (206) 292-8930

29. Between May 19 and May 27, 2016 the production document database was sent to Discovia, processed, and uploaded. Discovia and Bullivant ("Team") worked together to develop a plan to most efficiently cooperate with the depositions schedule in finding and reviewing clawback documents and nonresponsive documents. Each deponent was treated as a separate custodian of documents. The custodians were processed in order of deposition date.

30. On May 23, 2016, a discovery conference was held. At the discovery conference, Plaintiff's focused on accusations and cross-examination techniques rather than attempting to resolve the issues at hand, and the conference became heated and largely unproductive. The defense did agree that it would produce privilege logs for any documents it would clawback. The Plaintiff's agreed to limit their discovery requests, where applicable, to only request information related to FTDNA customers who resided in Alaska.

31. On May 27, 2016, a team of approximately 35 attorneys retained through Discovia were trained for review. They began review immediately after training.

32. The documents that had been released by Dorsey had been marked "confidential" in order to guard against the unintentional release of personal identifying information ("PII") when redaction of 600,000 pages of documents on an expedited time frame proved unworkable. When the Team performed this second privilege review, the attorneys took the opportunity to redact responsive documents that contained PII.

33. On May 30, 2016, we sent email correspondence to Plaintiff's counsel, updating them on the status of the second privilege review. Attached as **Exhibit 6** is a true and accurate copy of the email. Plaintiffs did not respond to it.

34. Productions were issued by each "Custodian" – i.e., deponent, prior to their

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 7 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone (206) 292-8930

deposition dates. They were prioritized and issued in order of the deposition schedule. Each production consisted of "slip-sheets" (blank pages stamped with the blank page of each original document) for documents clawed back for privilege, an accompanying privilege log, pages with PII redacted, and a re-issuance of pages that were responsive. Documents that were not responsive were not redacted and not reproduced.

35. The first deposition, scheduled for May 31, was moved to accommodate the witness's schedule. Therefore, the first deposition the defense believed would go forward was the deposition of Dr. Michelle Fiedler, set for June 2, 2016.

36. The defense issued the document production for the Fiedler custodial file on the morning of June 1, 2016.

37. On the evening of June 1, 2016, Plaintiff's counsel responded, demanding, among other things, that all depositions be stricken. Emails between both sides were exchanged into the following morning. Ultimately, the parties agreed to re-schedule Dr. Fiedler's deposition. Attached as **Exhibit 7** are true and accurate copies of the series of email chains relating to this exchange.

38. On the evening of Thursday, June 2, 2016, Ms. Brauchli, Bullivant's associate attorney on this case, boarded a plane for Houston, Texas to meet with Rebekah Canada, the Gene by Gene employee scheduled to be deposed on Monday June 6, 2016. Ms. Canada agreed to prepare for the deposition on Friday, June 3, 2016. While Ms. Brauchli and Ms. Canada were working together on deposition preparation, Plaintiff's counsel contacted Ms. Canada (without copying defense counsel), misrepresenting that the parties had agreed to strike her deposition and indicating that the deposition would have to be rescheduled. We contacted

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 8 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone   (206) 292-8930

Plaintiff's counsel directly regarding this assertion. Attached as **Exhibit 8** is a true and accurate copy of that email chain. Plaintiff's counsel ultimately struck the depositions of Ms. Canada and Ralph Taylor (who was scheduled for June 7, 2016). At that point, Plaintiff's counsel did not mention the six depositions that were scheduled for the following week (beginning June 13, 2016). Plaintiff's counsel has refused to pay for the cost of Ms. Brauchli's travel because she was able to prepare Ms. Canada for a deposition that would eventually occur. Despite ongoing communications, Plaintiff somehow failed to recognize that Ms. Brauchli flew to Houston both to prepare Ms. Canada and to defend her deposition the following business day. As a result of Plaintiff's last-minute cancellation, this will require Defendant to incur the costs for a second trip to Houston when Plaintiff renotes Ms. Canada's deposition.

39. Because the week of June 13, 2016 was full of depositions, I elected to prepare the two founders of the company, Bennett Greenspan and Max Blankfeld on Thursday, June 9, and Friday, June 10.

40. While I was working with these gentlemen on Thursday, June 9, I received an email from Plaintiff's counsel attempting to cancel the depositions for the following week. I am attaching as **Exhibit 9** a true and accurate copy of this email exchange.

41. Ultimately, the following reproductions were issued to Plaintiff as detailed by each deposition custodian:

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 9 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone    (206) 292-8930

| Deponent | Dep. Date | Prod. Date | Dorsey Original Document Counts Produced | June Production Volume | Doc.s Clawed Back | Doc.s Re-produced with PII Redactions | Doc.s Found to be Non-Resp. (Not Re-produced) |
|---|---|---|---|---|---|---|---|
| Michelle Fiedler | 2-Jun | 1-Jun | 4,959 | COLE001 | 16 | 1,054 | 3,384 |
| Rebekah Canada | 6-Jun | 2-Jun | 15,695 | COLE002 | 19 | 1,162 | 13,751 |
| Bennett Greenspan | 14-Jun | 7-Jun | 33,416 | COLE003 | 421 | 2,393 | 29,147 |
| Elliott Greenspan | 14-Jun | 9-Jun | 6,476 | COLE004 | 4 | 289 | 5,873 |
| Max Blankfeld | 15-Jun | 11-Jun | 34,142 | COLE005 | 320 | 1,270 | 30,617 |
| Janine Cloud | 16-Jun | 13-Jun* | 15,023 | COLE006 | 2 | 3,128 | 10,578 |
| Nir Liebovich | 17-Jun | 14-Jun* | 12,139 | COLE007 | 293 | 238 | 11,253 |
| Jason Wang | 17-Jun | 14-Jun* | 9,219 | COLE008 | 23 | 160 | 8,938 |
| Totals | | | 131,069 | | 1,142 | 9,697 | 113,514 |

42. The dates with asterisks, above, are productions that occurred after the Plaintiff had stricken the deposition for the particular deponent, so that Defendant was less inclined to incur overtime expenses in order to provide an earlier production.

43. Additionally, documents produced by Dorsey that were not identified to the above ten deponents were also reviewed and reproduced (as described above) on June 16. The production result in 12 clawbacks and 1223 Documents with PII reductions. 26,537 of those documents were non-responsive.

44. In total, the defense incurred nearly $350,000 in document review fees to Discovia in order to accomplish this review as fast as possible, utilizing a team of 35 additional attorneys. A significant portion of this cost was due to the overtime wages incurred by the document review staff. Had we known Plaintiff's would ultimately strike all the depositions,

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 10 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone (206) 292-8930

we would not have incurred overtime costs and could have arranged for Plaintiff's counsel to receive all re-productions before the end of June – and more than a month before the planned scheduling of the depositions.

45. On June 14, 2016, Defendant propounded Amended discovery responses, which accounted for Plaintiff's agreement to limit the scope of discovery to Alaskan residents. Despite this limitation, the defense still had significant difficulties understanding and responding to many of the document requests. These difficulties are indicated by the objections contained within the responses. Attached as **Exhibit 10** is a true and accurate copy of the Amended Responses.

46. On June 15, 2016, at Plaintiff's request, the parties jointly moved for a two month continuance to handle discovery issues. Dkt. 72. The Court granted this motion.

47. On June 17, 2016, the parties had a second discovery conference that lasted for more than 2.5 hours. Among other things, the parties were finally able to go through Plaintiff's discovery requests, one by one, and clarify the requests. In many instances, we were able to work through the concerns we had. In others, it became clear that we would need the Court's assistance to curtail Plaintiff's fishing expedition and resolve where the reasonable boundary of discoverable information would be. At the end of the conference, Plaintiff's counsel indicated that they would issue follow up correspondence addressing what was resolved during the conference.

48. On June 28, 2016, eleven days after the discovery conference, Plaintiff's counsel sent the promised follow up correspondence. It was 15 pages, single spaced, in small font. Despite the fact that Plaintiff took 11 days to prepare the letter, Plaintiff's counsel

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone (206) 292-8930

threatened to file a motion to waive the privilege protections of Defendant's clawed back documents if Defendant did not provide full responses within 3 days. Attached as **Exhibit 11** is a copy of Plaintiff's letter.

49. To assist in conceptualizing how much data has already been delivered in this case, consider the following. In total, 69 gigabytes of data were produced to Plaintiffs. One gigabyte is 1,048,756 kilobytes. A kilobyte is usually 2-3 paragraphs of text. According to computerhope.com, a single gigabyte is sufficient to store 4,473 books (assuming 200 pages per book). http://www.computerhope.com/issues/chspace.htm. If the data were translated to simple word documents, the amount equates to 308,637 books worth of information. Specifically, the document production totaled roughly 600,000 pages of documents. Assuming that the pages were standard weight and thickness of 150 sheets per inch, the documents, if printed, would have amounted to nearly 167 banker's boxes of material. This paper would weigh approximately 2500 pounds. The Plaintiffs have already received an entire forest worth of information.

50. After reviewing Plaintiff's June 28, 2016 correspondence, we isolated the issues that we did not reasonably expect to get resolved without the Court's assistance. We responded to the remaining portions of Plaintiff's letter substantively, in the hope that we can resolve those portions without motion work. A true and accurate copy of our response is attached as **Exhibit 12**. Nonetheless, we are aware of the increasing time delays caused by Plaintiff's tactic of burying defendants in discovery requests. We acknowledge that some of the difficulties and delays have been due to our discovery of inadvertently disclosed documents, and our actions to quarantine and claw back the same. We have done our best to be

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 12 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone (206) 292-8930

forthcoming and cooperative with Plaintiff's counsel in order to resolve these issues efficiently. Instead of attempting to work with us, however, Plaintiff's counsel has alternated between stonewalling and word-twisting to gain time and advantage, while attempting to keep us occupied responding to moving targets and collateral issues. We respectfully seek the Court's relief and assistance so that we may move with focus to the merits of this case.

51. Attached as **Exhibit 13** is the recent invoice from Discovia for the above-described document review.

52. Attached as **Exhibit 14** are Plaintiff's Answers to Defendant's Amended Second Interrogatories.

53. Attached as **Exhibit 15** are Plaintiff's Answers to Defendant's Amended Second Requests for Production.

54. Attached as **Exhibit 16** is a true and accurate copy of the Advisory Committee on Fed. Rules of Civ. Proc., "Memorandum Regarding Report of the Civil Rules Advisory Committee" written by Hon. Mark Kravitz.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 1, 2016.

By _____
Matthew R. Wojcik

4831-7705-5283.1

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 13 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone    (206) 292-8930

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

| | |
|---|---|
| Jay Edelson<br>Rafey S. Balabanian<br>Benjamin H. Richman<br>J. Dominick Larry<br>David I. Mindell<br>Edelson PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, IL 60654<br>jedelson@edelson.com<br>rbalabanian@edelson.com<br>brichman@edelson.com<br>nlarry@edelson.com<br>dmindell@edelson.com<br>Attorneys for Plaintiff<br><br>Timothy J. Petumenos<br>Law Offices of Tim Petumenos<br>2550 Denali Street, Sujite 1502<br>Anchorage, Alaska 99503<br>timp@tpaklaw.com<br>Attorneys for Defendant | Douglas K. Mertz<br>319 Seward Street, Suite 5<br>Juneau, Alaska 99801<br>dkmertz@ak.net<br>Attorneys for Plaintiff |

/s/ Matthew Wojcik
Matthew Wojcik

DECLARATION OF MATTHEW R. WOJCIK REGARDING
DISCOVERY ISSUED TO PLAINTIFF TO DATE
Page 14 of 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone    (206) 292-8930

# TABLE OF CONTENTS FOR EXHIBITS

| NUMBER | DESCRIPTION |
|---|---|
| 1 | <u>Evanston Insurance Co. v. Gene by Gene Ltd.</u>, No. 14-cv-01842; 1/6/16 Ruling |
| 2 | Declaration in support of summary judgment motion re Exhibit 1 |
| 3 | Declaration in support of summary judgment motion re Exhibit 1 |
| 4 | Plaintiff's Responses to Gene by Gene's Requests for Admission |
| 5 | 5/12/16 Clawback Notice by Defendant |
| 6 | 5/30/16 Email to Edelson regarding status of clawback privilege review |
| 7 | 6/1-2/16 Email chain between parties regarding Fiedler Deposition |
| 8 | 6/3/16 Email chain between parties regarding Canada Deposition |
| 9 | 6/9/16 Email chain between parties regarding depositions week of June 13 |
| 10 | Defendant's Amended Responses to Plaintiff's Second Interrogatories and Requests for Production |
| 11 | 6/28/16 Correspondence from Edelson to Bullivant |
| 12 | 7/1/16 Correspondence from Bullivant to Edelson |
| 13 | Invoice from Discovia |
| 14 | Plaintiff's Answer's to Defendant's Amended Second Interrogatories |
| 15 | Plaintiff's Answer's to Defendant's Amended Second Requests for Production |
| 16 | "Memorandum Regarding Report of the Civil Rules Advisory Committee" written by Hon. Mark Kravitz |

4823-1790-6228.1