# EXHIBIT 5

Case 1:14-cv-00004-SLG   Document 77-5   Filed 07/01/16   Page 1 of 5



E. PENNOCK GHEEN
Admitted in Washington and Oregon
Direct Dial: (206) 521-6421
E-mail: penn.gheen@bullivant.com

MATTHEW R. WOJCIK
Admitted in Washington, Oregon and Alaska
Direct Dial: (206) 521-6427
E-mail: matt.wojcik@bullivant.com

HOLLY D. BRAUCHLI
Admitted in Washington, California, and Oregon
Direct Dial: (206) 521-6441
E-mail: holly.brauchli@bullivant.com

May 12, 2016

*Via E-mail and Regular Mail*

Jay Edelson
J. Dominick Larry
David Mindell
Edelson PC
350 N. LaSalle St., Ste. 1300
Chicago, IL 60654

Douglas K. Mertz
Law Office of Douglas K. Mertz
319 Steward St., Ste. 5
Juneau, AK 99801

Rafey S. Balabania
Edelson PC
329 Bryant Street
San Francisco, CA 94107

Re: *Michael Cole v. Gene By Gene, Ltd.*
USDC of Alaska Case No. 1:14-cv-0004 - SLG

## NOTICE OF INADVERTENT DISCLOSURE AND REQUEST FOR "CLAWBACK"

Dear Counsel:

As you are aware, we recently assumed the defense of this case effective February 1, 2016. An immediate priority has been to review approximately 1.3 million pages of electronically stored documents previously produced by prior counsel, Dorsey & Whitney.

1700 Seventh Avenue, Suite 1810, Seattle, Washington 98101
Main 206 292 8930    Fax 206 386 5130
www.bullivant.com

Offices in Washington, Oregon & California

It is apparent that numerous privileged and/or proprietary documents were produced to you. While our document review is not yet complete, we address these inadvertent disclosures now in an effort to avoid delay. We will supplement as necessary.

All document productions to date were made pursuant to the Stipulated Request for An Order Governing Discovery of Documents and Electronically Stored Information, ("Stipulated Agreement") (Dkt. 55), and the relevant Court Order adopting the same, which provides as follows:

> **IV. Documents Protected From Discovery.** Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The Parties further agree that any privileged or work-product-protected documents or ESI inadvertently produced shall be returned by the receiving party immediately upon the request of the producing party. Any information derived solely from any inadvertently produced document subject to a proper claim of privilege/protection shall not be used by the receiving party in any manner.
>
> In addition, nothing in this Protocol shall be interpreted to require disclosure of irrelevant information or of relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. The Parties do not waive any objections to the production or discoverability of any document or information, including, without limitation, objections regarding burden overbreadth, or relevance of document requests.

We also note the Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets ("Protective Order")(Dkt 42) and the relevant court order adopting the same. The Protective Order states:

### XI. Inadvertent Production of Privileged or Otherwise Protected Material

Production of information that is privileged or otherwise immune from discovery shall be entitled to the protections of F.R.Civ.P. 26(b)(5)(B) and Federal Rule of Evidence 502. In particular, if a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing, identify the privileged material produced and the basis for withholding such material from production, and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The party asserting the privilege is not required to make a showing prior to the return of the designated material.

The Receiving Party will return such inadvertently-produced item or items of information and destroy copies thereof within ten days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently-produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

Finally, pursuant to Fed. R. Civ. P. 26(b)(5)(B):

> (B) Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Pursuant to the above provisions, we enclose a preliminary list of documents that should not have been produced because they contain privileged and/or protected proprietary information. We will update this list upon completion of our review.

Additionally, we note that numerous documents produced by prior counsel were not relevant (as defined by Rule 26(b)(1)) to the issues in this case (i.e., the alleged disclosure of genetic information of our client's Alaskan customers). While we do not list the irrelevant documents by bates number, we do intend to preserve our objections to relevance relating to the same, and the release of these documents should not be interpreted as consent to widening the scope of permissible discovery. In accordance with Alaska Court Rules, we request to meet and confer by telephone this week regarding the discovery requests propounded by your client on April 15, 2016. Please advise of your earliest availability.

Best regards,

E. Pennock Gheen
Matthew R. Wojcik
Holly D. Brauchli

16008829.1