**EXHIBIT 7**

| | |
|---|---|
| **From:** | Wojcik, Matt |
| **Sent:** | Thursday, June 02, 2016 9:04 AM |
| **To:** | Benjamin H. Richman |
| **Cc:** | Sean McDonell; Jen Phillips Karosich; nlarry@edelson.com; Brauchli, Holly; Bullivant PM; Jamie Holz; Michelle Fiedler |
| **Subject:** | Re: Michael Cole v Gene by Gene, Ltd. | document production |

Ben?

On Jun 2, 2016, at 8:53 AM, Wojcik, Matt <matt.wojcik@bullivant.com> wrote:

Dr. Fiedler is willing to reschedule for a date that works for her. This may have to be on a weekend. Please confirm that you are canceling today's deposition.

Thank you.
Matt

On Jun 2, 2016, at 8:11 AM, Benjamin H. Richman <brichman@edelson.com> wrote:

Matt:

Are you guys speaking with Ms. Fiedler? If not, I'm happy to just call her myself. Please let me know.

Ben

Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com

 @EdelsonPC    Edelson-PC    EdelsonLaw

Please consider the environment before printing this e-mail.

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jun 2, 2016 at 7:41 AM, Benjamin H. Richman <brichman@edelson.com> wrote:
Matt:

I don't know if you've spoken with her by phone and whether she understands that it's a very real possibility we'll have to seek a second deposition from her. (I'm not inclined to do that remotely, especially given the circumstances that precipitated all of this.) But having had some additional time to think about, if she's at all willing to reschedule, I'm fine proceeding in late July or August with this one deposition and would urge that. I'm incredibly concerned that if we proceed this morning I'm in the position of, *inter alia*, (i) having only a limited understanding (based on less than 24 hours of review) of what documents and in what form I may use, (ii) potentially using documents that are protected and thus subjecting myself to potential sanction or disqualification for having done so, (iii) very likely having to seek an order from the Court compelling Ms. Fiedler to sit again, which will obviously result in additional fees and costs on our end (and if not granted, potential prejudice to our client and the putative class), and (iv) adding to the burden and expense Ms. Fiedler incurs in all of this.

I've also e-mailed her about this issue now, but have yet to receive a response. (Her reference to speaking us was with respect to scheduling was to conversations prior to this week and unrelated to the issues we're now discussing.) If you've got a line of communication to her, I think it best to ask for rescheduling. If that's not a possibility at all, then we'll have to deal with everything else as we move forward.

Please let me know.

Best,
Ben

Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com
☺ @EdelsonPC   in Edelson-PC   f EdelsonLaw

☺ Please consider the environment before printing this e-mail.

_____

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jun 2, 2016 at 6:24 AM, Wojcik, Matt <matt.wojcik@bullivant.com> wrote:
Her response:

As I have already told plaintiff's counsel, I have rearranged my work schedule to my own detriment. I do not have vacation time or personal time to pull on yet. I am solidly booked in trainings and other work related things for most of June and July. I would prefer not to reschedule.

Ex. 7, p. 2

I suggest you move forward with her dep today, leave it open and, to the extent you may need to continue based on documents you were not able to review in time, perhaps you can complete by Skype or video conference.

Matt

On Jun 2, 2016, at 6:17 AM, Ben Richman <brichman@edelson.com> wrote:

Morning Matt:

Any word from Fiedler?

Best,
Ben

Benjamin H. Richman
Edelson PC
350 N LaSalle St Ste 1300
Chicago, IL 60654
m: 312.589.6370
d: 312.589.6377
f: 312.589.6378
brichman@edelson.com
www.edelson.com

 @EdelsonPC    in Edelson-PC    f EdelsonLaw

Sent from my iPhone

On Jun 1, 2016, at 11:15 PM, Wojcik, Matt <matt.wojcik@bullivant.com> wrote:

Ben: See my responses below.

On Jun 1, 2016, at 10:29 PM, Benjamin H. Richman <brichman@edelson.com> wrote:

Matt:

I'm not inclined to postpone the deposition. Even if I was, Ms. Fiedler is a third-party who has taken off work to sit, and won't be available again until mid-July. I have no guarantee that she'll be willing to return at a later date or that the Court would compel her to do so if she's not. There's also the issue of the expense--I've incurred the time and expense of traveling to Olympia, setting up the court reporter, and the like. And the bigger issues that this is all representative of is that we have a discovery cutoff in two weeks, multiple depositions in that time, and we have yet to receive the privilege log your side promised (I did, however, at 10:10

3

Ex. 7, p. 3

p.m. just receive from Holly the privilege log for the Fiedler documents) or the supplemental discovery responses that we discussed, let alone clear up the claw back issue with respect to tens of thousands of documents.

I appreciated our discussion after the deposition last week and I'd like to avoid reopening depositions, moving to compel and seeking fees, but you guys aren't giving us much of a choice. That said, if you want to actually move past this sort of thing and complete the discovery in a cooperative and efficient way, I'm willing to try. Here's my proposal:

1. We'd need to confirm tomorrow morning that Ms. Fiedler is willing to sit for her deposition at a later date. If not, we'll have to go forward in the morning.

>I'll let you know as soon as I hear back. If I don't hear back by early morning, I'll appear for the deposition in Olympia and you can decide then.

2. The Parties need to stipulate to continue the June 16th discovery cutoff--for how long depends on when we'll receive Gene by Gene's privilege log and supplemental discovery responses (see no. 3 below).

>If necessary, we will stipulate to continue the discovery deadline for a short period of time (end of June) to accomplish the depositions of the witnesses currently noted.

3. Gene by Gene needs to commit to a date certain to provide the privilege log (and/or other explanations) with respect to the documents it's seeking to claw back, and to produce its supplemental discovery responses and document production.

>We will do that.

4. If need be, the Parties will have to agree to reschedule the upcoming depositions. At this point, it would seem at least next week's depositions need to be postponed, but the rest of the schedule will be dependent upon no. 3, above.

>I think we can agree, individuals' schedules permitting.

- and -

5. Gene by Gene would have to agree to reimburse us for any non-refundable expenses incurred in traveling for and setting up Ms. Fiedler's deposition tomorrow.

>I would need clearance from the tower, but I assume so.

>Following up on our discussion in Juneau: as of last Friday, we have 40 attorneys working on a comprehensive document review of the production provided by Dorsey. While we are clawing back privileged documents, we are also identifying non-responsive documents from the production set and providing you a report of such documents in an effort to make our collective discovery efforts more efficient. Our intention was to produce documents and corresponding privilege logs in a rolling fashion according to the deposition schedule. While the Fiedler documents and associated clawbacks/reproductions only recently became available, we expect to provide more notice for subsequent depositions. For example, the Canada documents should be available tomorrow evening.

4

Let me know if you have any questions.

Matt




Please let me know.

Thanks,
Ben


Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com
    @EdelsonPC        Edelson-PC        EdelsonLaw
  Please consider the environment before printing this e-mail.

---

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.


On Wed, Jun 1, 2016 at 9:53 PM, Wojcik, Matt <matt.wojcik@bullivant.com> wrote:
  Dear Ben:

  We did not intend any delay and did not intend to inhibit your ability to adequately prepare
  for and take Ms. Fiedler's deposition. If you prefer to postpone tomorrow's deposition, we will
  stipulate to taking her deposition at a later date. If we cannot find a mutually-agreeable date
  before the discovery deadline, we will agree to rescheduling the deposition after the deadline,
  as we did for the two depositions you noted for June 17.

  Matt Wojcik

  On Jun 1, 2016, at 9:39 PM, Benjamin H. Richman <brichman@edelson.com> wrote:

  Sean:

  Thanks for your message (and the one we received last evening). Please confirm immediately
  (i) that there will be no further changes to any documents or information for which Ms.
  Fiedler has been identified as the custodian, and (ii) whether you or Gene by Gene will be

5

providing (this evening) an appropriate privilege log or other explanation of the bases for the redactions and clawbacks identified in your e-mails today and yesterday.

Regardless of the answers to these questions, I want to be clear that it is absolutely inappropriate that you and Gene by Gene delayed until 9 p.m. the evening before Ms. Fiedler's deposition to provide us this information and "clarification" on the documents at issue. Likewise, with respect to your e-mail yesterday that applied to more than 1,000 additional documents. Based on Gene by Gene's conduct in discovery to date (e.g., attempting to clawback tens of thousands of documents without providing any substantive basis or explanation for doing so despite our repeated requests, and failing to timely or properly respond to outstanding written discovery as required by the Federal Rules of Civil Procedure), it appears this latest delay was intentional and designed to inhibit our ability to appropriately prepare for and take Ms. Fiedler's deposition. It has, in fact, done just that. And while we intend to proceed with Ms. Fiedler's deposition tomorrow (to the best of our ability) we nevertheless reserve the right to reopen the deposition at a later date and time.

Given these delays, as well as Gene by Gene's failure to (i) produce any privilege log whatsoever, including with respect to the documents purported to be clawed back, (ii) provide any explanation of the bases for clawing back the documents in your e-mails of this evening and yesterday, or those identified in its May 12th letter, and (iii) it's failure to provide substantive responses to Plaintiff's outstanding written discovery requests (responses that were due more than two weeks ago at this point), we further intend to seek an enlargement of the June 16th discovery cutoff, a compelling order with respect to items (i) through (iii), the attorneys' fees and costs incurred as a result of Gene by Gene's conduct in this regard, and all other appropriate sanctions and relief.

Best,
Ben

Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com

🐦 @EdelsonPC    in Edelson PC    f EdelsonLaw

☺ Please consider the environment before printing this e-mail.

---

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Wed, Jun 1, 2016 at 8:47 PM, Sean McDonell <sean.mcdonell@discovia.com> wrote:

Dear Counsel:

There were 45 docs (156 pages) that should not have been clawed back. Replacement images, text and the associated load files for those docs are now available to download from FTP. This production replacement is for custodian Fiedler. Please use the images and text files in the replacement zip file below to replace what was previously clawed back for these 45 docs. The bates numbers remain the same.

To access the FTP, navigate to https://ftp.discovia.com via Internet Explorer and enter the credentials provided below.

User: **User1**

Password: **81hNsc**

The zip file on the FTP site is named "**COLE001_EXPORT001.zip**" and is password protected. I will send the password to access the zip file in a separate email.

Please let me know if you have any questions.

Regards,

_____

**Sean McDonell**
Project Manager IV

415.392.2900 | Main
415.321.8382 | Direct
213.509.1033 | Cell

sean.mcdonell@discovia.com
www.discovia.com

<image001.png>

This e-mail is confidential and may be legally privileged. If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation.

Case 1:14-cv-00004-SLG   Document 77-7   Filed 07/01/16   Page 8 of 21

Ex. 7, p. 7

**From:** Jen Phillips Karosich
**Sent:** Wednesday, June 1, 2016 4:35 AM
**To:** brichman@edelson.com; nlarry@edelson.com
**Cc:** Wojcik, Matt <matt.wojcik@bullivant.com>; Brauchli, Holly
<holly.brauchli@bullivant.com>; Bullivant PM <Bullivant@discovia.com>
**Subject:** Michael Cole v Gene by Gene, Ltd. | document production

Dear Counsel:

A document production for the *Michael Cole v Gene by Gene, Ltd.* matter is available to
download from FTP. The production contains 1,117 documents for custodian Fiedler. Each
document in the production has either been redacted or is being clawed back for
privilege. Please use the images and text files in this production to replace what was
previously produced. The bates numbers remain the same.

To access the FTP, navigate to https://ftp.discovia.com via Internet Explorer and enter the
credentials provided below.

User: User1

Password: 81hNsc

The zip file on the FTP site is named "COLE001" and is password protected. I will send the
password to access the zip file in a separate email.

To aid in your review of these materials, two reports are attached to this email:

1.  COLE001_Production: identifies each document in the production as either a clawback
or redacted

  a.  Redacted document count: 1057

  b.  Clawback document count: 60

2. COLE001_Non-Responsive: reflects the 64 Fiedler documents that were deemed non-responsive upon review. You can use this report to mass tag documents as non-responsive

Please let me know if you have any questions.

Regards,

Jen

---

**Jen Phillips Karosich, Esq.**
Managing Director, Client Services

415.392.2900 | Main
415.525.8409 | Direct
425.442.3798 | Cell

jen.karosich@discovia.com
www.discovia.com

<image001.png>

This e-mail is confidential and may be legally privileged. If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation.

Please be advised that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended to be used by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Please be advised that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended to be used by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Ex. 7, p. 9

Please be advised that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended to be used by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

**Brauchli, Holly**

| | |
|---|---|
| **From:** | Benjamin H. Richman <brichman@edelson.com> |
| **Sent:** | Thursday, June 02, 2016 9:04 AM |
| **To:** | Wojcik, Matt |
| **Cc:** | Sean McDonell; Jen Phillips Karosich; nlarry@edelson.com; Brauchli, Holly; Bullivant PM; Jamie Holz; Michelle Fiedler |
| **Subject:** | Re: Michael Cole v Gene by Gene, Ltd. | document production |

Confirmed. I'll call you to follow up.

Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com

☒  ☒  ☒

♻ Please consider the environment before printing this e-mail.

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jun 2, 2016 at 8:53 AM, Wojcik, Matt <matt.wojcik@bullivant.com> wrote:
Dr. Fiedler is willing to reschedule for a date that works for her. This may have to be on a weekend. Please confirm that you are canceling today's deposition.

Thank you.
Matt

On Jun 2, 2016, at 8:11 AM, Benjamin H. Richman <brichman@edelson.com> wrote:

Matt:

Are you guys speaking with Ms. Fiedler? If not, I'm happy to just call her myself. Please let me know.

Ben

Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor

1

Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com



☺ Please consider the environment before printing this e-mail.

---

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jun 2, 2016 at 7:41 AM, Benjamin H. Richman <brichman@edelson.com> wrote:
Matt:

I don't know if you've spoken with her by phone and whether she understands that it's a very real possibility we'll have to seek a second deposition from her. (I'm not inclined to do that remotely, especially given the circumstances that precipitated all of this.) But having had some additional time to think about, if she's at all willing to reschedule, I'm fine proceeding in late July or August with this one deposition and would urge that. I'm incredibly concerned that if we proceed this morning I'm in the position of, *inter alia*, (i) having only a limited understanding (based on less than 24 hours of review) of what documents and in what form I may use, (ii) potentially using documents that are protected and thus subjecting myself to potential sanction or disqualification for having done so, (iii) very likely having to seek an order from the Court compelling Ms. Fiedler to sit again, which will obviously result in additional fees and costs on our end (and if not granted, potential prejudice to our client and the putative class), and (iv) adding to the burden and expense Ms. Fiedler incurs in all of this.

I've also e-mailed her about this issue now, but have yet to receive a response. (Her reference to speaking us was with respect to scheduling was to conversations prior to this week and unrelated to the issues we're now discussing.) If you've got a line of communication to her, I think it best to ask for rescheduling. If that's not a possibility at all, then we'll have to deal with everything else as we move forward.

Please let me know.

Best,
Ben

---

Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com



☺ Please consider the environment before printing this e-mail.

2

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jun 2, 2016 at 6:24 AM, Wojcik, Matt <matt.wojcik@bullivant.com> wrote:
Her response:

As I have already told plaintiff's counsel, I have rearranged my work schedule to my own detriment. I do not have vacation time or personal time to pull on yet. I am solidly booked in trainings and other work related things for most of June and July. I would prefer not to reschedule.

I suggest you move forward with her dep today, leave it open and, to the extent you may need to continue based on documents you were not able to review in time, perhaps you can complete by Skype or video conference.

Matt



On Jun 2, 2016, at 6:17 AM, Ben Richman <brichman@edelson.com> wrote:

Morning Matt:

Any word from Fiedler?

Best,
Ben

Benjamin H. Richman
Edelson PC
350 N LaSalle St Ste 1300
Chicago, IL 60654
m: 312.589.6370
d: 312.589.6377
f: 312.589.6378
brichman@edelson.com
www.edelson.com



Sent from my iPhone


On Jun 1, 2016, at 11:15 PM, Wojcik, Matt <matt.wojcik@bullivant.com> wrote:

3

Ben: See my responses below.


On Jun 1, 2016, at 10:29 PM, Benjamin H. Richman <brichman@edelson.com> wrote:

Matt:

I'm not inclined to postpone the deposition. Even if I was, Ms. Fiedler is a third-party who has taken off work to sit, and won't be available again until mid-July. I have no guarantee that she'll be willing to return at a later date or that the Court would compel her to do so if she's not. There's also the issue of the expense--I've incurred the time and expense of traveling to Olympia, setting up the court reporter, and the like. And the bigger issues that this is all representative of is that we have a discovery cutoff in two weeks, multiple depositions in that time, and we have yet to receive the privilege log your side promised (I did, however, at 10:10 p.m. just receive from Holly the privilege log for the Fiedler documents) or the supplemental discovery responses that we discussed, let alone clear up the claw back issue with respect to tens of thousands of documents.

I appreciated our discussion after the deposition last week and I'd like to avoid reopening depositions, moving to compel and seeking fees, but you guys aren't giving us much of a choice. That said, if you want to actually move past this sort of thing and complete the discovery in a cooperative and efficient way, I'm willing to try. Here's my proposal:

1. We'd need to confirm tomorrow morning that Ms. Fiedler is willing to sit for her deposition at a later date. If not, we'll have to go forward in the morning.

>I'll let you know as soon as I hear back. If I don't hear back by early morning, I'll appear for the deposition in Olympia and you can decide then.

2. The Parties need to stipulate to continue the June 16th discovery cutoff--for how long depends on when we'll receive Gene by Gene's privilege log and supplemental discovery responses (see no. 3 below).

>If necessary, we will stipulate to continue the discovery deadline for a short period of time (end of June) to accomplish the depositions of the witnesses currently noted.

3. Gene by Gene needs to commit to a date certain to provide the privilege log (and/or other explanations) with respect to the documents it's seeking to claw back, and to produce its supplemental discovery responses and document production.

>We will do that.

4. If need be, the Parties will have to agree to reschedule the upcoming depositions. At this point, it would seem at least next week's depositions need to be postponed, but the rest of the schedule will be dependent upon no. 3, above.

>I think we can agree, individuals' schedules permitting.

- and -

4

Ex. 7, p. 14

5. Gene by Gene would have to agree to reimburse us for any non-refundable expenses incurred in traveling for and setting up Ms. Fiedler's deposition tomorrow.

>I would need clearance from the tower, but I assume so.

>Following up on our discussion in Juneau: as of last Friday, we have 40 attorneys working on a comprehensive document review of the production provided by Dorsey. While we are clawing back privileged documents, we are also identifying non-responsive documents from the production set and providing you a report of such documents in an effort to make our collective discovery efforts more efficient. Our intention was to produce documents and corresponding privilege logs in a rolling fashion according to the deposition schedule. While the Fiedler documents and associated clawbacks/reproductions only recently became available, we expect to provide more notice for subsequent depositions. For example, the Canada documents should be available tomorrow evening.

Let me know if you have any questions.

Matt




Please let me know.

Thanks,
Ben


Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com

[x]   [x]   [x]

© Please consider the environment before printing this e-mail.

_____

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.


On Wed, Jun 1, 2016 at 9:53 PM, Wojcik, Matt <matt.wojcik@bullivant.com> wrote:
  Dear Ben:

  We did not intend any delay and did not intend to inhibit your ability to adequately prepare

5

for and take Ms. Fiedler's deposition. If you prefer to postpone tomorrow's deposition, we will stipulate to taking her deposition at a later date. If we cannot find a mutually-agreeable date before the discovery deadline, we will agree to rescheduling the deposition after the deadline, as we did for the two depositions you noted for June 17.

Matt Wojcik

On Jun 1, 2016, at 9:39 PM, Benjamin H. Richman <brichman@edelson.com> wrote:

Sean:

Thanks for your message (and the one we received last evening). Please confirm immediately (i) that there will be no further changes to any documents or information for which Ms. Fiedler has been identified as the custodian, and (ii) whether you or Gene by Gene will be providing (this evening) an appropriate privilege log or other explanation of the bases for the redactions and clawbacks identified in your e-mails today and yesterday.

Regardless of the answers to these questions, I want to be clear that it is absolutely inappropriate that you and Gene by Gene delayed until 9 p.m. the evening before Ms. Fiedler's deposition to provide us this information and "clarification" on the documents at issue. Likewise, with respect to your e-mail yesterday that applied to more than 1,000 additional documents. Based on Gene by Gene's conduct in discovery to date (e.g., attempting to clawback tens of thousands of documents without providing any substantive basis or explanation for doing so despite our repeated requests, and failing to timely or properly respond to outstanding written discovery as required by the Federal Rules of Civil Procedure), it appears this latest delay was intentional and designed to inhibit our ability to appropriately prepare for and take Ms. Fiedler's deposition. It has, in fact, done just that. And while we intend to proceed with Ms. Fiedler's deposition tomorrow (to the best of our ability) we nevertheless reserve the right to reopen the deposition at a later date and time.

Given these delays, as well as Gene by Gene's failure to (i) produce any privilege log whatsoever, including with respect to the documents purported to be clawed back, (ii) provide any explanation of the bases for clawing back the documents in your e-mails of this evening and yesterday, or those identified in its May 12th letter, and (iii) it's failure to provide substantive responses to Plaintiff's outstanding written discovery requests (responses that were due more than two weeks ago at this point), we further intend to seek an enlargement of the June 16th discovery cutoff, a compelling order with respect to items (i) through (iii), the attorneys' fees and costs incurred as a result of Gene by Gene's conduct in this regard, and all other appropriate sanctions and relief.

Best,
Ben

Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com

| × | | × | | × | |
|---|---|---|---|---|---|

☺ Please consider the environment before printing this e-mail.

6

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Wed, Jun 1, 2016 at 8:47 PM, Sean McDonell <sean.mcdonell@discovia.com> wrote:

Dear Counsel:

There were 45 docs (156 pages) that should not have been clawed back. Replacement images, text and the associated load files for those docs are now available to download from FTP. This production replacement is for custodian Fiedler. Please use the images and text files in the replacement zip file below to replace what was previously clawed back for these 45 docs. The bates numbers remain the same.

To access the FTP, navigate to https://ftp.discovia.com via Internet Explorer and enter the credentials provided below.

User: **User1**

Password: **81hNsc**

The zip file on the FTP site is named "**COLE001_EXPORT001.zip**" and is password protected. I will send the password to access the zip file in a separate email.

Please let me know if you have any questions.

Regards,

**Sean McDonell**
Project Manager IV

415.392.2900 | Main
415.321.8382 | Direct
213.509.1033 | Cell

sean.mcdonell@discovia.com
www.discovia.com

<image001.png>

This e-mail is confidential and may be legally privileged. If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation.

**From:** Jen Phillips Karosich
**Sent:** Wednesday, June 1, 2016 4:35 AM
**To:** brichman@edelson.com; nlarry@edelson.com
**Cc:** Wojcik, Matt <matt.wojcik@bullivant.com>; Brauchli, Holly <holly.brauchli@bullivant.com>; Bullivant PM <Bullivant@discovia.com>
**Subject:** Michael Cole v Gene by Gene, Ltd. | document production

Dear Counsel:

A document production for the *Michael Cole v Gene by Gene, Ltd.* matter is available to download from FTP. The production contains 1,117 documents for custodian Fiedler. Each document in the production has either been redacted or is being clawed back for privilege. Please use the images and text files in this production to replace what was previously produced. The bates numbers remain the same.

To access the FTP, navigate to https://ftp.discovia.com via Internet Explorer and enter the credentials provided below.

User: User1

Password: 81hNsc

The zip file on the FTP site is named "COLE001" and is password protected. I will send the password to access the zip file in a separate email.

8

To aid in your review of these materials, two reports are attached to this email:

1. COLE001_Production: identifies each document in the production as either a clawback or redacted

      a. Redacted document count: 1057

      b. Clawback document count: 60

2. COLE001_Non-Responsive: reflects the 64 Fiedler documents that were deemed non-responsive upon review. You can use this report to mass tag documents as non-responsive

Please let me know if you have any questions.

Regards,

Jen

_____

**Jen Phillips Karosich, Esq.**
Managing Director, Client Services

415.392.2900 | Main
415.525.8409 | Direct
425.442.3798 | Cell

jen.karosich@discovia.com
www.discovia.com

<image001.png>

This e-mail is confidential and may be legally privileged. If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation.

Please be advised that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended to be used by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Please be advised that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended to be used by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Please be advised that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended to be used by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Please be advised that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended to be used by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.