# EXHIBIT 9

# Brauchli, Holly

| | |
|---|---|
| **From:** | Wojcik, Matt |
| **Sent:** | Thursday, June 09, 2016 6:44 PM |
| **To:** | 'Benjamin H. Richman' |
| **Cc:** | Nick Larry; Jamie Holz; Gheen, Penn; Brauchli, Holly |
| **Subject:** | RE: Cole v. Gene by Gene |

Ben:

I think we are missing each other on some fundamental points.

First: These are not NEW documents. These are the same documents that were provided in or before January 2016. You referenced selected documents in prior correspondence, so I imagine your team reviewed the documents in the several months before our request for clawback.

Second: We have produced several privilege logs since our clawback letter and will produce privilege logs with the remaining productions next week.

Third: I have a hearing at 10am and a conference call at 11:30am, so let's plan our call for 12:30pm PDT Friday.

Fourth: Yes, we will agree to your request for another continuation of the discovery deadline. In fairness to my clients and the other witnesses, however, you tell us when you feel you are ready and we will then schedule the depositions. We are not willing to go through this again where we lock up everyone's schedules then you decide to cancel at the last minute. Also, all associated deadlines (expert disclosures, etc.) need to be continued as well. Please confirm your understanding and agreement.

Fifth: Enough with the digs against my partner or anyone else on my team. You well know we are working in good faith to give you everything you need to feel ready to proceed with your depositions.

Sixth: As I've explained to you, Holly travelled on a Thursday (flight from Seattle leaves at 10:30am and gets in at 5:30pm) to meet with Ms. Canada on Friday to prepare for her deposition on Monday. Please let me know what further explanation you require.

Thanks, Ben.
Matt


**From:** Benjamin H. Richman [mailto:brichman@edelson.com]
**Sent:** Thursday, June 09, 2016 3:59 PM
**To:** Wojcik, Matt <matt.wojcik@bullivant.com>
**Cc:** Nick Larry <nlarry@edelson.com>; Jamie Holz <jholz@edelson.com>; Gheen, Penn <Penn.Gheen@bullivant.com>; Brauchli, Holly <holly.brauchli@bullivant.com>
**Subject:** Re: Cole v. Gene by Gene

Matt:

First, thank you for confirming that Gene by Gene will serve the outstanding written discovery responses and document production no later than June 13, 2016. Please confirm that you will also have provided a privilege log or explanation for each of the claw backs requested and identified in your previous letter by then as well.

1

Second, thank you for making yourself available to meet and confer next week. Let's plan to speak Friday at 11 a.m. PT--that will give us time to review whatever it is that you produce on Monday. If we are able to complete that review more quickly, we will let you know and see whether moving up the meet and confer works with your schedule.

Third, you haven't responded to the two other material components of my proposal: (i) that Gene by Gene will stipulate to a 2 month continuance of the discovery cutoff pursuant to L.R. 16.1, and (ii) that Gene by Gene will work cooperatively to reschedule each of the depositions, including those next week, following completion of its production of all outstanding discovery materials. Please let us know no later than 7:00 p.m. CT today whether it will agree to each. If not, then we will just move forward with our motion.

Separately, you should know that we take the sorts of accusations of dishonesty you've now made against me incredibly seriously. If you believe that I've made any misrepresentations whatsoever in this case, you should raise those issues with the Court immediately. If not, then I'll ask (just this once) that you figure out a way to take a more professional tone with us going forward. (The irony of that accusation isn't lost on us either. For example, it was your partner, Mr. Gheen, who expressly represented during our meet and confer that he had reviewed case law to support Gene by Gene's dubious "propriety" designation as a basis for your claw back requests. As you know, however, he ultimately couldn't identify a single case in that regard and even attempted to leave the meet and confer for a "coffee break" when we continued to press him in that respect.)

In any event, I can assure you that our inability to appropriately prepare for the depositions has nothing to do with the fact that Mr. Larry has been on personal leave--if you recall, I traveled to Olympia to take Dr. Fiedler's deposition last week and was thwarted only by your last minute production of literally more than one thousand additional documents. Instead, it has everything to do with Gene by Gene's conduct in discovery. Without belaboring the point, Gene by Gene has (i) as-of-yet failed to provide any substantive responses to the outstanding written discovery (despite your promises and its deadline to do so having run weeks ago); (ii) repeatedly produced thousands of documents for which the scheduled deponents are custodians just days, or even hours, before the depositions were set to proceed; and (iii) failed to provide the promised privilege log and explanations for the claw back of each document outlined in your previous correspondence.

A couple of other points bear noting as well. First, we haven't unilaterally canceled any depositions. As our e-mails make clear, you agreed in writing to postpone the depositions as necessary in order to, *inter alia*, allow us to receive and review the outstanding discovery materials discussed above. If you wanted to accelerate the process, you should have moved more quickly to produce that information. (As you note in your e-mail, you've been in this case for nearly five months now and still haven't completed the outstanding production. I struggle to see how that's in any way our fault.) Second, I'm not sure what you mean with respect to "ben[ding] over backwards to make [Elliott Greespan] available...in Houston." We didn't ask you to do that and have always been willing to take his deposition in Israel--you offered and we agreed to proceed with two depositions on the same day in order to make that happen. Third, you continue to demand that we reimburse you for Holly's travel last week, but have yet to provide us any explanation as to the purpose of her traveling five days in advance of the scheduled deposition. We continue to await that explanation.

Best,
Ben

Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com

2

@EdelsonPC    Edelson-PC    EdelsonLaw

🌎 Please consider the environment before printing this e-mail.

---

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jun 9, 2016 at 4:54 PM, Wojcik, Matt <matt.wojcik@bullivant.com> wrote:

Ben:

I am writing to you from Houston, where I am meeting with my clients in preparation for their individual depositions and 30(b)(6) depositions you scheduled to take place on June 14 and 15. You previously cancelled the deposition of Michelle Fiedler on the morning of her June 2 deposition. We agreed that we would cooperate in rescheduling Dr. Fiedler's deposition and agreed to extend the discovery until the end of June. While meeting with Dr. Fiedler, we learned that you had contacted her the week before, asking to continue the date of her deposition from June 2 (which she did not want to do because she had already taken a day off work). On Friday, June 3, you cancelled the deposition of Rebekah Canada, which you had scheduled for June 6. Unfortunately, Holly had already flown to Houston on Thursday night to meet with Ms. Canada the Friday before her Monday deposition. You also cancelled the deposition of Ralph Taylor, which you had scheduled for June 8.

Today is the third time Plaintiff has attempted to cancel depositions. It is becoming more and more evident that you are simply not prepared to take these depositions and are attempting to use the clawback/privilege log issue as an excuse to shift blame to the Defendant. I suspect that this is due in part to your co-counsel (Nick Larry) being out of the office from May 26 to June 12 for his wedding/honeymoon. If that is the explanation, I prefer that you would have simply been honest and asked for an extension, as we did to accommodate your depositions on June 17. This blame game is disingenuous and unproductive.

Gene by Gene (through its prior counsel) produced 162,011 documents, the last production occurring in January 2016, I believe. We substituted as counsel for GBG in February and uploaded the documents from prior counsel. As we reviewed the documents, it became clear that documents had been produced that were privileged and/or needed redaction and therefore needed to be clawed back. We made that request to you in letter form. We subsequently hired 35-40 attorneys to review documents and redact as necessary. We have completed the review of 60,546 of documents initially produced. In the interest of time, we did not go back and redact the documents previously produced but deemed non-responsive. Thus far we have only clawed back 504 documents. To date, we have reproduced documents previously produced to you that now contain redactions (for PII) or are being clawed back for privilege. We have produced a privilege log for the documents that are being clawed back in that production set. These are not new documents.

| Custodian Name | Deposition Date | Dorsey Original Document Counts Produced | June Production Volume | June Production - Documents Clawed Back | June Production - Documents Reproduced Redac |
|---|---|---|---|---|---|
| Michelle Fiedler | 2-Jun | 4,959 | COLE001 | 60 | 1 |
| Rebekah Canada | 6-Jun | 15,695 | COLE002 | 19 | 1 |
| Bennett Greenspan | 14-Jun | 33,416 | COLE003 | 421 | 2 |
| Elliott Greenspan | 14-Jun | 6,476 | COLE004 | 4 | |
| Max Blankfeld | 15-Jun | 34,142 | In Progress | | |
| Janine Cloud | 16-Jun | 15,023 | In Progress | | |
| Nir Liebovich | 17-Jun | 12,139 | In Progress | | |
| Jason Wang | 17-Jun | 9,219 | In Progress | | |

We never agreed to postpone any of the depositions beyond Ms. Fiedler, so your suggestion otherwise is incorrect. We did agree to reimburse you for non-refundable costs associated with the cancellation of her deposition. Similarly, we expect you to cover our costs related to your late cancellation of Rebekah Canada's deposition.

To the extent the above does not answer your questions:

1. GBG will serve its supplemental written discovery responses and document production by Monday, June 13. As indicated in the chart above, we have produced to you documents for Fiedler, Canada, Bennett Greenspan, and Elliott Greenspan - each with accompanying

4

privilege logs. We expect to reproduce the redacted documents and identify clawbacks associated with Max Blankfeld's data this Saturday, June 10. We are on track to do the same for Janine Cloud's data on Tuesday, June 13.

2. I am available for a meet and confer most anytime you like next week. Please suggest some dates and times.

3. Please clarify that you are requesting to cancel all of the following depositions, in addition to the three you have already cancelled:

- 6/14/16:     Elliott Greenspan, Bennett Greenspan, GBG CR 30(b)(6)
- 6/15/16:     Max Blankfeld, GBG CR 30(b)(6)
- 6/16/16:     Janine Cloud
- 6/17/16:     Jason Wang, Nir Liebovich

Given that you already have the documents for Elliott Greenspan and Bennett Greenspan, there is no reason why these shouldn't go forward as scheduled, especially since we have already traveled down to Houston for the depositions. You will have the redacted documents for Blankfeld and Cloud shortly, as well as those for Wang and Liebovich. Again, <u>these are not new documents but are a subset of documents you received in or before January 2016</u> (this is made clear in your demand letter of February 24, 2016, which cites specific documents by bates number). Moreover, Elliott Greenspan will be returning to Israel on June 18. As you know, we bent over backwards to make him available in person during his trip to Houston.

We look forward to hearing from you.

Matt

**From:** Benjamin H. Richman [mailto:brichman@edelson.com]
**Sent:** Thursday, June 09, 2016 10:47 AM
**To:** Wojcik, Matt <matt.wojcik@bullivant.com>
**Cc:** Nick Larry <nlarry@edelson.com>; Jamie Holz <jholz@edelson.com>; Gheen, Penn <Penn.Gheen@bullivant.com>; Brauchli, Holly <holly.brauchli@bullivant.com>
**Subject:** Cole v. Gene by Gene

Matt:

Following up our e-mail exchange last week, I wanted to recap where things stand. As our correspondence makes clear, the parties agreed that:

1. They would stipulate to a continuance of the discovery cutoff to accommodate the outstanding discovery (outlined further below). You suggested two weeks, which we initially believed may be workable depending upon the timing of Gene by Gene's additional discovery productions (again, as outlined further below).

2. Gene by Gene would commit to a date certain to provide the privilege log (and/or other explanations) with respect to each of the documents it's seeking to claw back, and to produce its supplemental discovery responses and document production.

3. They would reschedule the upcoming depositions as necessary and dependent upon the timing of Gene by Gene's additional productions referenced above (and described below).

- and -

4. Subject to confirmation on your end, Gene by Gene would reimburse us for all non-refundable costs associated with the deposition of Dr. Fielder that did not proceed in Olympia.

As of today, we have not received from you any date(s) certain by which Gene by Gene will provide the privilege log(s) and/or explanations with respect to the documents it has sought to claw back in this matter, nor for the redactions (as opposed to simply designating the documents pursuant to the Protective Order in this matter) in certain additional documents it has since produced. You have also refused (or more specifically, not responded to) my request of last Friday to meet and confer by telephone at a time convenient for you to discuss the rescheduling of the outstanding depositions in light of Gene by Gene's failure to produce the outstanding discovery and related materials. And finally, we have not received confirmation from you with respect to your tentative agreement to reimburse us for the costs of the postponed Fiedler deposition. (Separately, you never provided an explanation as to why Holly traveled to Houston five days in advance of the Canada deposition, which we requested in order to evaluate your request for us to reimburse Gene by Gene for the costs of her travel. We assume that means you've determined to withdraw that request, but please let us know whether we're mistaken in that regard.)

Given all of that and in light of the other issues we've previously conferred about, we have prepared and are ready to file a motion seeking an order from the Court (i) compelling Gene by Gene to provide supplemental responses and document production with respect to the outstanding written discovery requests, (ii) compelling Gene by Gene to produce the promised privilege log and/or explanations regarding each of the documents it has sought to claw back, (iii) continuing the current discovery cutoff pending the productions requested in (i) and (ii), and (iv) awarding the attorneys' fees and costs Plaintiff has incurred as a result of Gene by Gene's conduct and in bringing the motion.

Notwithstanding and in hopes of reaching a compromise on these issues without the need for motion practice, we make the following, final proposal. We ask that you respond to the below proposal by COB Central Time today. If you would like to have a further telephonic meet and confer on these issues prior to that time, we will make ourselves available to speak at your convenience. If we do not hear from you one way or the other by COB Central Time today, we will proceed to file our motion.

1. Gene by Gene will no later than next Friday, June 17, 2016, serve (i) its supplemental written discovery responses and document production related to the outstanding written discovery requests, and (ii) the promised privilege log and/or explanations regarding the bases of each of the claw backs it has requested.

2. At a mutually agreeable date and time no later than June 24, 2016, the parties shall meet and confer telephonically regarding any perceived deficiencies or other issues with respect to the June 17th productions.

3. The parties shall stipulate, pursuant to L.R. 16.1(c)(3)(A), to a two (2) month continuance of the current discovery cutoff.

- and -

4. The parties shall work together to select new mutually agreeable dates for all previously noticed depositions to proceed.

We are hopeful that the parties will be able to agree upon the above and complete all outstanding discovery efficiently and without the need for otherwise unnecessary motion practice. We'll look forward to hearing from you.

Best,

Ben

Benjamin H. Richman | Edelson PC

350 North LaSalle Street, 13th Floor

Chicago, Illinois 60654

312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)

brichman@edelson.com | www.edelson.com

@EdelsonPC    Edelson-PC    EdelsonLaw

☻ Please consider the environment before printing this e-mail.

---

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

Please be advised that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended to be used by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

8