# EXHIBIT 9

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
David I. Mindell
dmindell@edelson.com
EDELSON PC
350 N. La Salle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GENE BY GENE, LTD., a Texas limited liability company d/b/a FAMILY TREE DNA,<br><br>*Defendant*. | Case No. 1:14-cv-00004-SLG |

**PLAINTIFF MICHAEL COLE'S FIRST SET OF INTERROGATORIES
<u>TO DEFENDANT GENE BY GENE, LTD</u>**

Plaintiff Michael Cole ("Plaintiff"), pursuant to Rule 33 of the Federal Rules of Civil

Procedure, hereby requests that Defendant Gene by Gene, Ltd. ("Gene by Gene"), answer the

following Interrogatories under oath within thirty (30) days of service hereof.

## I. Definitions

1. "Class Member" means or refers to any citizen or resident of Alaska who had his or her DNA results disclosed publically or to any third party by Family Tree after joining one of its projects, and for whom Family Tree did not have a record of written consent to disclose the same.

2. "Communication" means or refers to the transmission of information, facts or ideas Including any Correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting telephone conversation, letter, note, memorandum, analog or digital recordings, voicemail, e-mail message, telegram, Computer files, Computer disks, text (SMS) message, advertisement or other form of exchange of words, whether oral or written. This Includes, without limitation, non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other Correspondence sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or between Your employees.

3. "Complaint" means the Class Action Complaint filed by Plaintiff Michael Cole in this action. (Dkt. 1).

4. "Correspondence" means or refers to all written and unwritten but recorded Communications, Including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, Including memos, letters, analog or digital recordings, voicemail, e-mail, Computer files, Computer disks, or other things sent or received by You to or from any individual or entity, Including files maintained or exchanged internally within Your business or with Your employees.

5. "Customer" means or refers to any Person who purchased or used either Your

Database Services or Testing Services during the Relevant Time Period.

6. "Database Services" means or refers to the services You offer Persons by granting them access to Your Genealogical Database.

7. "Date" means the exact year, month and day, if known, or, if not known, Your best approximation thereof.

8. "Describe" when used in relation to any process, policy, act, or event means explain the process, policy, act, or event in complete and reasonable detail, stating the time, Date, and location, Identifying all Persons participating or present, and Identifying all documents relating thereto.

9. "Document" or "Documents" means or refers to any Communication, writing, memoranda or notes of conferences or telephone conversations, reports, studies, notices, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, videos, DVDs, film or comparable technology, microfilm, Computer data files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, image, photostatic, or other magnetic or electrical impulses or other form of Communication is recorded, stored or produced, Including audio and video recordings and ESI (Including e-mails, web pages, websites, discs, programs, and files, Including, where applicable, compiled and uncompiled source code), whether or not in printout form. These terms shall also mean copies of Documents even though the originals are not in Your possession, custody or control, every copy of a Document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy, all attachments to any Document, and any other Documents, items and/or information discoverable under

Alaska law and procedure.

10. "Electronically Stored Information" or "ESI" as used herein, means and refers to computer generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or Media, or otherwise evidenced by recording on some storage Media, whether real virtual, or cloud-based.

11. "Genealogical Database" means or refers to Your database of genetic testing results as advertised on www.familytreedna.com.

12. "Genetic Information" as used herein, means and refers to the results of "DNA Analysis" as defined by the Genetic Privacy Act, Including "genetic characteristics" as characterized by Alaska Stat. § 18.13.100.

13. "Genetic Privacy Act" means or refers to Alaska Stat. §§ 18.13.010 *et seq*.

14. "Identify" when used with respect to a Communication, means to state the type of Communication (*e.g.*, telephone discussion, e-mail, or face-to-face), the name and present address of each Person present during the Communication, or who otherwise observed or heard the Communication and to state the subject matter of the Communication and the Date upon which it occurred. If the Communication was in writing, Identify all Documents that are related to the Communication.

15. "Identify" when used with respect to a natural Person, means to state the Person's full name, present or last known business affiliation and position, past and present home address, and past position and business affiliation, if any, with any of the parties herein.

16. "Identify" when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (*e.g.*, partnership or corporation), the address of its principal place of business, and to Identify its

principal proprietors, officers or directors.

17. "Identify" when used with respect to Documents means to state the Date(s) prepared, drafted, or generated; the author(s); the intended and actual recipient(s); and type of Document (*e.g.*, "letter," "Terms of Service" or "email"); and to Identify its last known custodian or location.

18. "Identify" when used in reference to an event, transaction, or occurrence, means to Describe the act in complete and reasonable detail; state the time, Date, and location; Identify all Persons participating or present; and Identify all Documents relating thereto.

19. "Media" means or refers to an object or device, real or virtual, Including a disc, tape, Computer or other device, on which data is or was stored.

20. "Person" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

21. "Plaintiff" means or refers to the named plaintiff in this litigation, Michael Cole.

22. "Privacy Policies" means or refers to the policies, documents, or contracts that You post and make available on Your Websites or elsewhere, which You contend govern the use and disclosure of Your Customers' Genetic Information.

23. "Project" means or refers to any of the "Surname & Geographical Projects" offered by You through www.familytreedna.com, or any other genealogical research projects made available by You.

24. "Project Administrator" means or refers to administrators of Your Projects, as those phrases are used in Your Answer. (*See* Dkt. 20.)

25. "Relating To," Including its various forms such as "Relates To," means to consist of, concern, discuss, evidence, mention, regard, refer to, reflect, rely upon, use, or reference the

matter Described.

26. "Release Form" or "Release" means or refers to the form included with Your DNA Test kits that you ship to Your Customers.

27. "Relevant Time Period" means the time period from May 13, 2011 to the present. Unless otherwise indicated, all discovery requests shall mean for the Relevant Time Period.

28. "Rootsweb" means or refers to www.rootsweb.ancestry.com.

29. "Test" as used herein means or refers to any and all of the DNA tests offered by You through www.familytreedna.com during the Relevant Time Period.

30. "Test Results" as used herein means or refers to the results of any Test offered by You throughout the Relevant Time Period.

31. "Testing Services" refers to Your practice of shipping DNA Test kits to Customers and then processing their samples and providing them with their Test Results.

32. "Third Party" means person other than You or Your Customers.

33. "You," "Your," or "Gene by Gene" means or refers to Defendant Gene by Gene, Ltd., its divisions, subsidiaries, brands, publications, Related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

34. "Your Website" means or refers to the websites owned, operated, and/or maintained by You through which Customers can purchase Your Tests, participate in Projects, access Your Genealogical Database, and conduct genealogical research

## II. Instructions

1. If You object or otherwise refuse to respond to any portion of any Interrogatory, You shall (1) state the nature and basis of the objection or reason for such refusal in sufficient

fashion to permit the Court to rule on the validity of the objection; and (2) answer all portions of such Interrogatory that are not claimed to be objectionable.

2. If You object to answering all or any part of any Interrogatory on the grounds of privilege or work product, You are required to Identify the privileged Document(s) or Communications(s), and with respect to each such privileged Document or Communication state:

    a. the Date appearing on such Document, or if no Date appears, the Date on which such Document or ESI was prepared;

    b. the name of each Person to whom such Document or ESI was addressed;

    c. the name of each Person, other than the addressee(s) Identified in subparagraph (b) above, to whom such Document or ESI, or copy thereof was sent, or with whom such Document was discussed;

    d. the name of each Person who signed such Document or ESI; if not signed, the name of each Person who prepared it;

    e. the name of each Person making any contribution to the authorship of such Document or ESI;

    f. the Date such Document or ESI was received or discussed by each Person Identified in subparagraphs (b) or (c) above;

    g. the general nature or description of such Document or ESI, and, where applicable, its number of pages;

    h. the name of each Person who currently has custody of such Document or ESI; and

    i. the specific ground(s) upon which the privilege or work product rests.

3. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Interrogatory most broad.

4. As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

5. As used herein, the present tense shall also include the past tense.

6. "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make each Interrogatory inclusive rather than exclusive.

7. "Each" shall be construed to include and encompass "all."

8. When these Interrogatories refer to a "specific location," they contemplate a level of detail that would allow counsel to independently locate an item without significant assistance. Thus, when these Interrogatories request the specific location of digital media, an acceptable answer might be "in Bill Johnson's office, at 123 Main Street, Suite 100, New York, NY 10000."

9. For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Interrogatories shall be resolved so as to construe these Interrogatories as broadly as possible. Defined terms need not be capitalized to retain their defined meaning.

### *III. Interrogatories*

**INTERROGATORY NO. 1**

Identify all Persons who were involved with or were consulted in answering Plaintiff's First Set of Interrogatories and Requests for the Production of Documents, and for each such Person, Identify his or her employer, position, duties, length of employment, and the specific Interrogatories or Requests that the Person assisted in answering.

**INTERROGATORY NO. 2**

Identify and Describe every database of Your Customers' Genetic Information that You maintain, and state whether the database is available to any third party for purchase, lease, use, exchange, or access.

*Cole v. Gene by Gene, Ltd.* 8 Case No. 1:14-cv-00004-SLG
Case 1:14-cv-00004-SLG   Document 123-9   Filed 12/09/16   Page 9 of 15

**INTERROGATORY NO. 3**

State the total number of Alaskan Customers who purchased Your Database or Testing Services, broken down by year and type of service, during the Relevant Time Period.

**INTERROGATORY NO. 4**

State the total number of Alaskan Customers for whom You have a record of a signed Release Form, broken down by year and type of service, during the Relevant Time Period.

**INTERROGATORY NO. 5**

Identify and Describe all policies and procedures, written or oral, Relating To the disclosure of any Genetic Information contained in any of your Databases to any third party during the Relevant Time Period.

**INTERROGATORY NO. 6**

Identify all Persons responsible for drafting, revising, editing, commenting on, or approving all versions of Your Release Form, Terms of Service, Privacy Policies or other agreements that You contend govern the relationship between You and Class Members.

**INTERROGATORY NO. 7**

Describe each of the ways in which Persons residing in Alaska could purchase any of Your Testing or Database Services, Including the various processes by which they purportedly

agree to any Release, applicable terms and conditions, Privacy Policies, contracts, agreements, or other written understandings.

**INTERROGATORY NO. 8**

Identify any and all Releases, applicable terms and conditions, Privacy Policies, contracts, agreements, or other written understandings that You contend govern the relationship between You and Plaintiff, and Describe how each was presented, provided or displayed to him.

**INTERROGATORY NO. 9**

Identify each and every Person to whom You shared, sold, transmitted, or otherwise disclosed Class Members' Genetic Information, in any form, during the Relevant Time Period, regardless of whether you believe such disclosures were lawful.

**INTERROGATORY NO. 10**

Identify and Describe the reason(s) that You shared, sold, transmitted, or otherwise disclosed Class Members' Genetic Information to each company, entity, third party and/or Person identified in Your response to Interrogatory No. 9.

**INTERROGATORY NO. 11**

Identify any and all contracts, agreements, and/or other written or oral understandings between You and each company, entity, third party and/or Person identified in Your response to Interrogatory No. 9, Relating To the sharing, sale, transmission, and/or disclosure of Class Members' Genetic Information during the Relevant Time Period.

**INTERROGATORY NO. 12**

Identify any and all monies or other benefits that You received from sharing, selling, transmitting, or disclosing Class Members' Genetic Information during Relevant Time Period (broken down by year).

**INTERROGATORY NO. 13**

Identify and Describe each and every purpose for which Class Members' Genetic Information was used by each company, entity, third party and Person identified in Your response to Interrogatory No. 9 above.

**INTERROGATORY NO. 14**

Identify and Describe all ways in which You market or advertise access to Your Genealogical Database to any third party, company (Including pharmaceutical, medical research, genetic research, non-profit, and educational institutions), entity, or Person.

**INTERROGATORY NO. 15**

Identify and Describe Your policies and procedures, both written and oral, Relating To the collection, sale, transmission, and disclosure of Class Members' Genetic Information, Including without limitation any policy by which Your Customers could opt-in or opt-out of the disclosure of their Genetic Information, and the Dates that any such policies and procedures were in place.

**INTERROGATORY NO. 16**

State whether You obtained any of Your Customers' written permission to trade, share, sell, transmit, or otherwise disclose their Genetic Information, and if so, Describe the way(s) in which you obtained such written permission.

**INTERROGATORY NO. 17**

Identify the total number of Customers who purchased Your Testing Services or Database Services during the Relevant Time Period and who are either citizens of, or reside in Alaska (broken down by year and service).

**INTERROGATORY NO. 18**

Identify and Describe the basis for each of Your Affirmative Defenses enumerated in Your Answer to Plaintiff's Complaint, broken down by Affirmative Defense. (Dkt. 20.)

**INTERROGATORY NO. 19**

State Your net worth as of the date of Your response to this Interrogatory.

                 \*                 \*                 \*

          **MICHAEL COLE**, individually and on behalf of all others similarly situated,

Dated: February 17, 2015          By: s/ J. Dominick Larry
                                                    One of Plaintiff's Attorneys

                                                    Jay Edelson
                                                    jedelson@edelson.com
                                                    Rafey S. Balabanian
                                                    rbalabanian@edelson.com

Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
David I. Mindell
dmindell@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Douglas Mertz
mertzlaw@gmail.com
MERTZ LAW
319 Seward Street, Suite 5
Juneau, Alaska 99801
Tel: 907.586.4004
Fax: 888.586.4141

## CERTIFICATE OF SERVICE

I, J. Dominick Larry, an attorney, hereby certify that on February 17, 2015, I served the above and foregoing ***Plaintiff Michael Cole's First Set of Interrogatories to Defendant Gene by Gene, LTD.*** by transmitting it to the persons shown below via electronic mail and further by causing true and accurate copies of such paper to be placed in a postage prepaid envelope addressed to the persons shown below and depositing it in the U.S. Post Office Mailbox located at 350 North LaSalle Street, Chicago, Illinois 60654.


By: s/ J. Dominick Larry


Timothy M. Lynch
tlynch@northlaw.com
Katie S. Davies
kdavies@northlaw.com
Rebecca J. Hozubin
rebecca@akdefenselaw.com
Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2
Anchorage, Alaska 99501
Tel: 907.276.5297
Fax: 907.276.5291