Douglas Mertz
mertzlaw@gmail.com
MERTZ LAW
319 Seward Street, Suite 5
Juneau, Alaska 99801
Tel: 907.586.4004
Fax: 888.586.4141

Benjamin H. Richman (*pro hac vice*)
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff and the Putative Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GENE BY GENE, LTD., a Texas limited liability company,<br><br>*Defendant*. | Case No. 1:14-cv-0004-SLG<br><br>**DECLARATION OF BENJAMIN H. RICHMAN IN SUPPORT OF RESPONSE TO MOTION TO STRIKE**<br><br>Hon. Sharon L. Gleason |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am an attorney admitted to practice before this Court *pro hac vice*. I am entering this declaration in support of Plaintiff's Response to Motion to Strike and Request to Deem Reply Brief Timely. This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify as to the matters stated herein, I could and would competently do so.

2. I am the managing partner of the Chicago office of the law firm Edelson PC, which has been retained to represent the named plaintiff in this matter, Michael Cole.

3. At the close of the February 15th hearing on Defendant Gene by Gene, Ltd.'s pending motion for summary judgment, the Court stated that it had not yet begun to review the Parties' respective briefing on Plaintiff Cole's motion for class certification.

4. At that time, the Court also noted that it had not yet received Cole's reply in support of class certification. In response, I stated my belief that the reply was due to be filed that day and that my firm would be filing it accordingly. During that exchange, counsel for Gene by Gene remained silent, making no statements regarding the forthcoming reply—as to timing or otherwise.

5. My (and my firm's) belief that the reply was due to be filed no later than February 15th was based on the fact that from the time of the Court's most recent order setting the deadline for class certification briefing, our internal docketing calendar (incorrectly) showed as much.

6. My understanding is that the date was entered into the calendar by (or at the direction of) Mr. Larry, who was formerly employed by my firm as an attorney[1] and was primarily responsible for the day-to-day litigation of this matter.

7. To the best of my knowledge, at no previous time throughout in this case had Mr. Larry (nor any other attorney or staff member at our office) mis-docketed a deadline or otherwise failed to properly understand the requirements of the Local Rules of this District.

8. Thus, while I cannot say for certain whether the entry of the incorrect deadline into the docketing calendar was the result of a mistaken understanding of Local Rule 7.1's timing

---

[1] Prior to the filing of the reply brief, Mr. Larry determined to leave our firm. Accordingly, we intend to seek his formal withdrawal as counsel of record from this case.

requirements, a clerical error or otherwise, neither I nor any other member of my office had any reason to suspect that the deadlines in the docketing calendar were inaccurate. Instead, we believed, in good faith, that the deadline to file the reply was, in fact, February 15th.

9. All of that said, I (and my firm) have the utmost respect for this Court's orders, its general standing orders, and the Local Rules of this District. Thus, to say that the delay in filing Plaintiff Cole's reply brief is, from our perspective, beyond regrettable and incredibly embarrassing would be an understatement.

10. Further, I can personally commit that this erroneous filing will remain an aberration. To that end, I personally—along with other attorneys and staff at my firm—have exhaustively reviewed the previously docketed dates and deadlines in this case to confirm they have been accurately recorded in our docketing calendar. We will continue to do so periodically and throughout the remainder of this case.

11. With my personal and sincerest apologies, I respectfully request—as outlined in the contemporaneously-filed response brief—that the Court deny Gene by Gene's motion to strike and deem Plaintiff Cole's reply in support of class certification timely filed.

*     *     *

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of March, 2017 at Deerfield, Illinois.

/s/ Benjamin H. Richman

## CERTIFICATE OF SERVICE

      I hereby certify that on March 2, 2017, I served the above and foregoing by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

      /s/ Benjamin H. Richman