Douglas Mertz
mertzlaw@gmail.com
MERTZ LAW
319 Seward Street, Suite 5
Juneau, Alaska 99801
Tel: 907.586.4004
Fax: 888.586.4141

Benjamin H. Richman (*pro hac vice*)
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL COLE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GENE BY GENE, LTD., a Texas limited liability company d/b/a FAMILY TREE DNA,<br><br>*Defendant*. | Case No. 1:14-cv-0004-SLG<br><br>**PLAINTIFF'S MOTION TO STRIKE OR FOR LEAVE TO FILE SURREPLY**<br><br>Hon. Sharon L. Gleason |

## TABLE OF CONTENTS

**RELIEF REQUESTED AND EVIDENCE RELIED UPON** ........................................................1

**INTRODUCTION** ........................................................................................................1

**BACKGROUND** ........................................................................................................3

**ARGUMENT** ........................................................................................................5

**CONCLUSION** ........................................................................................................7

# TABLE OF AUTHORITIES

**United States Courts of Appeals Cases**

*Alaska Ctr. For Env't v. U.S. Forest Serv.*,
    189 F.3d 851 (9th Cir. 1999).............................................................................................5

*Beaird v. Seagate Tech., Inc.*,
    145 F.3d 1159 (10th Cir. 1998) .........................................................................................7

*Koerner v. Grigas*,
    328 F.3d 1039 (9th Cir. 2003) ...........................................................................................5

*Nurse v. United States*,
    226 F.3d 996 (9th Cir. 2000).............................................................................................5

*Officers for Justice v. Civil Serv. Comm'n*,
    979 F.2d 721 (9th Cir. 1992).............................................................................................5

*Provenz v. Miller*,
    102 F.3d 1478 (9th Cir. 1996) ...........................................................................................6

*Tovar v. U.S. Postal Serv.*,
    3 F.3d 1271 (9th Cir.1993)................................................................................................5

*United States v. Puerta*,
    982 F.2d 1297 (9th Cir. 1992) ......................................................................................5, 6

*Zamani v. Carnes*,
    491 F.3d 990 (9th Cir. 2007).............................................................................................5

**United States District Court Cases**

*Alaska Oil & Gas Ass'n v. Salazar*,
    No. 3:11-CV-0025-RRB, 2012 WL 12871656 (D. Alaska July 10, 2012)................5

*Grange Ins. Ass'n v. Sran*,
    184 F. Supp. 3d 799 (E.D. Cal. 2016)...............................................................................7

*In re Maui Indus. Loan & Fin. Co.*,
    No. 11–00364 LEK–BMK, 2012 WL 667759 (D. Haw. Feb. 27, 2012)....................5

*Pacquiao v. Mayweather*,
    No. 2:09-CV-2448-LRH-RJJ, 2010 WL 3271961 (D. Nev. Aug. 13, 2010).............5

*Pulsipher v. Clark Cty.*,
    No. 2:08-CV-01374-RCJ-LR, 2010 WL 5437252 (D. Nev. Dec. 27, 2010) ........................ 2

**State Cases**

*State v. Hammer*,
    550 P.2d 820 (Alaska 1976) ............................................................................................. 4

**Statutory Provisions**

AS § 18.13.020 ............................................................................................................... 2, 3

Fed. R. Civ. P. 12 ................................................................................................................ 5

# RELIEF REQUESTED AND EVIDENCE RELIED UPON

Plaintiff Michael Cole respectfully requests that this Court strike arguments made for the first time in Defendant Gene by Gene Ltd.'s reply brief filed in support of its Motion for Partial Summary Judgment Limiting Potential Damages. Through the motion, Gene by Gene sought partial summary judgment on whether its alleged disclosures of Cole's genetic information resulted in "profit or monetary gain" for the company. But in its reply brief, Gene by Gene now argues that Cole cannot show his genetic information was disclosed in the first place. Because Cole had no opportunity to respond to this argument—which concerns not the amount of damages available to him under Alaska's Genetic Privacy Act, but whether Defendant is liable at all—it should be stricken. Alternatively, the Court should provide Cole with leave to address Gene by Gene's new (and meritless) argument via a surreply brief.

Plaintiff's motion is based upon this memorandum, the materials and briefing submitted by the parties in connection with Defendant's Motion for Partial Summary Judgment Limiting Potential Damages, and any materials submitted by Defendant in opposing this motion.

# INTRODUCTION

Through its recent Motion for Partial Summary Judgment Limiting Potential Damages (the "Motion"), Gene by Gene argued that Plaintiff Cole had "no evidence" that any disclosure of his genetic information resulted in profit or monetary gain for the company. (Motion (dkt. 199) at 8.) Defendant therefore asked the Court to limit Cole's potential damages under Alaska's Genetic Privacy Act to $5,000, the amount available for an unlawful disclosure of genetic information that did not "result[] in profit or

1

monetary gain." (*Id.* at 2, 13.) *See also* AS § 18.13.020. Plaintiff Cole addressed the argument directly: he presented evidence and argument showing that, contrary to Defendant's view, Gene by Gene *depends* on the disclosure of its customers' genetic information generate profits and revenue. (Opp. to Motion (dkt. 203) at 4-6.) He also showed that the geographical and surname "Projects" to which Defendant disclosed his genetic information generated significant revenue, along with other benefits (such as referral traffic), for Gene by Gene. (*Id.* at 6-8.) Because that information was more than sufficient to convince a rational jury that Gene by Gene's disclosures resulted in profit or monetary gain for the company, Cole argued that Defendant's request for partial summary judgment lacked merit. (*Id.* at 9-10.) What Plaintiff did not argue, because the Motion did not put it at issue, was Gene by Gene's underlying liability for its disclosure of his genetic information. (*Id.* at 1 n.1.)

But despite never raising it before, Gene by Gene devotes an entire section of its reply brief to this threshold issue. (Reply to Motion (dkt. 210) at § II.A.) In particular, and by relying upon unsupported interpretations of evidence made by its attorneys, Gene by Gene suggests that because it's at best "possible" that Cole's information was disclosed, he has not proven that his "genetic information was actually disclosed" to third parties. (Reply to Motion at 5.) Putting aside that Plaintiff needn't "prove" anything in opposing a motion for summary judgment,[1] Defendant improperly raises new arguments and issues in its reply brief that it could have, but chose not to, address in its opening

---

[1] *Pulsipher v. Clark Cty.*, No. 2:08-CV-01374-RCJ-LR, 2010 WL 5437252, at *3 (D. Nev. Dec. 27, 2010) ("Plaintiff need not *prove* any facts at the summary judgment stage.")

2

motion and brief. The Court should either strike these newly-asserted arguments or, alternatively, let Cole respond to them with evidence.

## BACKGROUND

This lawsuit concerns Gene by Gene's practice of disclosing its customers' genetic information to the "unpaid volunteer third party administrator[s]" that run Defendant's surname and geographical "Projects" in violation of Alaska's Genetic Privacy Act, AS § 18.13.020. (Opp. to Motion at 3-4.) In Plaintiff's case, those disclosures resulted in strangers receiving the results of his DNA tests and the posting of his genetic information to public websites. (*Id.* at 7.) They also generated significant revenue and profits for Gene by Gene. (*Id.* 7; Reply to Motion at 4.) Indeed, Gene by Gene's employees and executives confirmed that the company's practice of disclosing genetic information to Project administrators was viewed as an effective marketing tool—one that allowed Defendant to sell more DNA test kits. (Opp. to Motion at 4-6.)

On December 21, 2018, Gene by Gene moved for partial summary judgment on the issue of profits. (Motion at 1, 8, 13.) While Defendant made clear that it contested whether Plaintiff would be able to prove an unlawful disclosure at trial (and, thus, whether Gene by Gene has any liability at all), it emphasized—repeatedly—that its Motion only sought an order placing a $5,000 "ceiling . . . on Cole's potential statutory damages." (*Id.* at 13.) In support of that request, Gene by Gene raised two arguments: first, that it only made money from DNA test kit sales, rather than from its disclosure of test results, (*id.* at 10-12 ("Here, it is uncontested that Defendant's revenues come from the sale of kits. What someone does with their kit is their choice.")), and, second, that Cole lacks evidence to show that a specific amount of profits were generated from any

3

given disclosure, (*id.* 11-12 (citing *State v. Hammer*, 550 P.2d 820, 824-25 (Alaska 1976).)) Nowhere did Gene by Gene ask the Court to determine whether Cole has evidence supporting that a disclosure of his genetic information to Project group administrators actually occurred.

Cole filed his opposition on January 25, 2019. (Opp. to Motion.) There, and to avoid any confusion about the scope of Defendant's Motion or his response, Cole first contextualized the relief sought by Gene by Gene, noting that the Motion

> does not seek any finding as to whether it disclosed Plaintiff's "DNA analysis" as contemplated by the Act (whether in terms of the public posting made by Ralph Taylor, or its disclosures to Group Administrators.) Nor does it ask the Court to decide whether any alleged or proven disclosure violated the Act.

(*Id*. at 1, n.1 (internal citations omitted).) Plaintiff then went on to respond *directly* to the issue at hand, providing evidence and argument showing that: (i) the Projects to which his DNA test results were disclosed generated significant revenue for Gene by Gene, (*id.* at 9-10); (ii) even though it does not charge customers to participate in Projects, Defendant discloses DNA test results to Projects and Project group administrators for the purpose of selling additional kits, (*id.* at 10-11); and (iii) the Genetic Privacy Act does not require Plaintiff to prove the "amount" of monetary profits generated from any given disclosure, (*id.* at 11-12).

Gene by Gene then filed its reply brief on February 22, 2019. (Reply to Motion.) In addition to accusing Cole of "speculating" on the issue of profits (but, in reality, just asking the Court to weigh evidence in its favor and accept the unsupported characterizations of evidence offered by its attorneys), (*id.* at § II.B.), Gene by Gene asked the Court to find that "Plaintiff has not proven that Cole's information was

4

disclosed [to Projects or Project group administrators]." (*Id.* at § II.A.) But as noted above, Gene by Gene did not present that issue—which goes to Defendant's *liability*, rather than the amount of statutory damages at play—in its Motion.

## ARGUMENT

"New arguments may not be introduced in a reply brief." *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992). *See also* L.R. 7.1(c) ("Reply memoranda are optional and restricted to rebuttal of factual and legal arguments raised in the opposition."). Thus, a "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). *See also Pacquiao v. Mayweather*, No. 2:09-CV-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) (citing *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) ("[T]o the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond."). Moreover, because a party waives all arguments not raised in an opening brief, *Alaska Ctr. For Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 n.4 (9th Cir. 1999) (citing *Officers for Justice v. Civil Serv. Comm'n*, 979 F.2d 721, 725-26 (9th Cir. 1992), a district court has discretion, under Rule 12(f) of the Federal Rules of Civil Procedure, "to grant a motion striking issues raised for the first time in a reply brief," *Alaska Oil & Gas Ass'n v. Salazar*, No. 3:11-CV-0025-RRB, 2012 WL 12871656, at *1 (D. Alaska July 10, 2012) (citing *In re Maui Indus. Loan & Fin. Co.*, No. 11–00364 LEK–BMK, 2012 WL 667759, at *3 (D. Haw. Feb. 27, 2012); Fed. R. Civ. P. 12(f)). *See also Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) ("We review the district

5

Case 1:14-cv-00004-SLG   Document 211   Filed 03/01/19   Page 9 of 13

court's decision to strike matter pursuant to Federal Rule of Civil Procedure 12(f) for abuse of discretion.").

Here, Gene by Gene's reply brief raises new arguments—concerning whether it disclosed Cole's genetic information in violation of the Act—that should be stricken. As introduced above, Gene by Gene sought partial summary judgment only on the issue of profit and sought to place a "ceiling" on the amount of damages Cole can recover at trial. (Motion at 2.) But the Motion did not present the threshold issue of whether an unlawful disclosure of Cole's genetic information occurred. In fact, Gene by Gene made clear that it was *not* doing so. (*See, e.g.*, Motion at 1 (describing relief sought), 8 (identifying "profit" issues for Motion), 13 (describing relief sought in the event that "Cole can establish a disclosure occurred"). Despite this limited scope, Gene by Gene's reply brief devotes an entire section to arguing—for the first time—that Plaintiff cannot demonstrate profit because he cannot show that a disclosure took place. (Reply to Motion at 5 ("**A. PLAINTIFF HAS NOT PROVEN THAT COLE'S INFORMATION WAS DISCLOSED TO BARTON / WORLDFAMILIES**"), 6 ("Cole's argument that there was an unauthorized disclosure of his genetic information to Barton is rooted in speculation about possibilities.").) Because it does not respond to any issue raised in the Motion or arguments made in Plaintiff's Opposition, presenting the "disclosure" issue in its reply brief is improper. *Puerta*, 982 F.2d at 1300 n.1. The entirety of Section II.A should be stricken.

Alternatively, and should the Court decide to take up the new argument, Plaintiff requests leave to file a surreply—and submit additional evidence—supporting that Gene by Gene disclosed his DNA test results in violation of AS § 18.13.020. *Provenz v.*

6

*Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("'[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non]movant an opportunity to respond.'" (citation omitted)). *Accord Grange Ins. Ass'n v. Sran*, 184 F. Supp. 3d 799, 819 (E.D. Cal. 2016) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) ("Rule 56(c) simply requires that if the court relies on new materials or arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials.")). Indeed, the factual record in this case is replete with evidence showing that Gene by Gene disclosed the results of Cole's genetic tests to Project group administrators, including those associated with the World Families projects (including Terry Barton). Should the Court decide to take the issue up now—and essentially convert Gene by Gene's Motion into one for *complete* summary judgment—Cole should have the opportunity to address Gene by Gene's new arguments head on.

## CONCLUSION

Plaintiff Michael Cole respectfully requests that the Court enter an order striking Section II.A. of Defendant Gene by Gene, Ltd.'s reply brief filed in support of its Motion for Partial Summary Judgment Limiting Potential Damages or, in the alternative, granting Plaintiff leave to file a surreply brief on whether there is evidence supporting that Gene by Gene disclosed Plaintiff Cole's genetic information in violation of Alaska's Genetic Privacy Act.

Respectfully submitted,

**MICHAEL COLE**, individually and on behalf of all others similarly situated individuals,

7

Dated: March 1, 2019                By: /s/ Benjamin H. Richman
                                       One of Plaintiff's Attorneys

Jay Edelson (*pro hac vice*)
jedelson@edelson.com
Benjamin H. Richman (*pro hac vice*)
brichman@edelson.com
David I. Mindell (*pro hac vice*)
dmindell@edelson.com
Alexander G. Tievsky (*pro hac vice*)
atievsky@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian (*pro hac vice*)
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Douglas Mertz
mertzlaw@gmail.com
MERTZ LAW
319 Seward Street, Suite 5
Juneau, Alaska 99801
Tel: 907.586.4004
Fax: 888.586.4141

8

## CERTIFICATE OF SERVICE

    I hereby certify that on March 1, 2019, I served the above and foregoing by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                       /s/ Benjamin H. Richman