# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL COLE,[1]<br><br>      Plaintiff,<br><br>      v.<br><br>GENE BY GENE, LTD., a Texas Limited Liability Company d/b/a FAMILY TREE DNA,<br><br>      Defendant. | Case No. 1:14-cv-00004-SLG |

## ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING POTENTIAL DAMAGES AND MOTION TO STRIKE OR FOR LEAVE TO FILE SURREPLY

Before the Court are two motions. At Docket 199 is Defendant Gene by Gene, Ltd.'s ("Gene by Gene") Motion for Partial Summary Judgment Limiting Potential Damages. Plaintiff Michael Cole filed a redacted response in opposition at Docket 203 and an unredacted version at Docket 206-1. Gene by Gene filed a reply at Docket 210.

At Docket 211 is Mr. Cole's Motion to Strike or for Leave to File Surreply. Gene by Gene filed a response in opposition at Docket 212. Mr. Cole filed a reply at Docket 213.

---

[1] The Court has altered the case caption to remove any reference to the proposed class action.

Oral argument was not requested for either of these motions and was not necessary to the Court's determinations.

## BACKGROUND

The parties are familiar with the facts of this case.[2] The Court sets forth only the facts that are relevant to this order, presented in the light most favorable to Mr. Cole for purposes of the motion for partial summary judgment. On June 27, 2013, Mr. Cole purchased a DNA testing kit from Gene by Gene, a commercial genealogy company.[3] Gene by Gene encouraged Mr. Cole to join surname affinity groups, known as "projects." Mr. Cole joined projects both before and after receiving his test results.[4] Mr. Cole "did not understand that, by joining a project, project administrators would need [his] relevant DNA results to connect [him] with others in the project[.]"[5] Prior to receiving his test results, Mr. Cole discovered that information including his name, DNA test kit number, and grandmother's maiden name appeared on a website called Rootsweb, which is not connected to Gene by Gene.[6] His information was removed from Rootsweb on January 31, 2014.[7]

---

[2] *See* Docket 175 (Order re Mot. to Dismiss); Docket 181 (Order re Mot. for Summ. J.); Docket 182 (Order re Mot. for Class Cert.).

[3] Docket 1 (Compl.) at 9, ¶ 27; Docket 20 (Answer) at 7, ¶ XIX.

[4] Docket 96-1 (Cole Dep.) at 6–9.

[5] Docket 139-11 (Cole Dep.) at 14.

[6] Docket 96-1 at 10; Docket 168 (sealed) at 11 (Morgan T. email).

[7] Docket 168 (sealed) at 7–8 (Ralph Taylor email).

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 2 of 15

On May 13, 2014, Mr. Cole filed his Complaint in this Court, in which he alleged on his own behalf and on behalf of a proposed class a violation of Alaska's Genetic Privacy Act ("the Act").[8] On June 30, 2017, the Court denied Gene by Gene's Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(h)(3).[9] On July 28, 2017, the Court denied Gene by Gene's Motion for Summary Judgment, which had asserted that the Act's statutory damages violate Alaska's punitive damages statute and the U.S. Constitution.[10] On the same day, the Court denied Mr. Cole's Motion for Class Certification.[11] On October 12, 2017, the Ninth Circuit granted Mr. Cole's petition to file an interlocutory appeal of the class certification denial.[12] On February 8, 2018, this Court granted the parties' Joint Motion to Vacate Trial Date and Stay Proceedings Pending Appeal.[13] On August 21, 2018, the Ninth Circuit affirmed the class certification denial.[14] On October 10, 2018, the Ninth

---

[8] Docket 1 at 13–14, ¶¶ 40–49; AS 18.13.010–100.

[9] Docket 175; Docket 95 (Mot. to Dismiss).

[10] Docket 181; Docket 109 (Mot. for Summ. J.).

[11] Docket 182; Docket 138 (Redacted Mot. for Class Cert.); Docket 140-1 (Unredacted Mot. for Class Cert.).

[12] Docket 187 (Ninth Cir. Order).

[13] Docket 193 (Order re Joint Mot.); Docket 192 (Joint Mot.).

[14] Docket 196 (Ninth Cir. Mem.).

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 3 of 15

Circuit's judgment took effect.[15] On December 21, 2018, Gene by Gene filed the instant motion for partial summary judgment.[16]

## LEGAL STANDARD

The Court set forth the summary judgment standard in its previous summary judgment order:

> Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the moving party. [*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).] When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party, and draw "all justifiable inferences" in the non-moving party's favor. [*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party." [*Id.* at 248.] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate. [*Id.* at 249.][17]

---

[15] Docket 198 (Ninth Cir. Mandate).

[16] Docket 199.

[17] Docket 181 at 3–4 (footnotes replaced with bracketed text).

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 4 of 15

# DISCUSSION

## I. Plaintiff's Motion to Strike

Mr. Cole seeks to strike Section II.A of Gene by Gene's reply in support of its motion for partial summary judgment.[18] That section is titled: "Plaintiff has not proven that Cole's information was disclosed to Barton/ Worldfamilies."[19] Mr. Cole maintains that "Gene by Gene did not present that issue—which goes to Defendant's *liability*, rather than the amount of statutory damages at play—in its motion [for partial summary judgment]."[20] Gene by Gene responds that its reply included "no new argument" and "[n]o new evidence." Rather, Gene by Gene asserts, it "argued in opening that Plaintiff cannot establish a disclosure that resulted in a profit."[21] Gene by Gene also maintains that Mr. Cole raised the disclosure argument in his opposition to Gene by Gene's motion.[22]

"An argument first raised in a reply brief need not be considered."[23] Local Civil Rule 7.1(c) restricts reply memoranda "to rebuttal of factual and legal

---

[18] Docket 211 at 5. Alternatively, Mr. Cole seeks leave to file a surreply. Docket 211 at 5.

[19] Docket 210 at 5.

[20] Docket 211 at 9 (emphasis in original).

[21] Docket 212 at 4.

[22] Docket 212 at 3.

[23] *Backcountry Against Dumps v. Chu*, 215 F. Supp. 3d 966, 975 (S.D. Cal. 2015) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)), *modified on reconsideration sub*

Case No. 1:14-cv-00004-SLG,  *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 5 of 15

arguments raised in the opposition."[24]  "The rule [against introducing new facts or arguments on reply] exists to guard against unfairness and surprise."[25]  The Court may strike materials filed in violation of the local rules.[26]

Gene by Gene's partial summary judgment motion indicates at several points that it is focused solely on the question of potential damages.  The motion is titled as seeking "Partial Summary Judgment Limiting Potential Damages."  The introduction only alleges that Mr. Cole has failed "to meet his burden in establishing that the alleged disclosure resulted in profit."  Therefore, Gene by Gene seeks to limit Mr. Cole's potential damages "to a maximum of $5,000 . . . if he is able to

---

*nom. Backcountry Against Dumps v. United States Dep't of Energy*, No. 3:12-CV-03062-L-JLB, 2017 WL 2988273 (S.D. Cal. Jan. 30, 2017).

[24] Local Civil Rule 7.1(c) (D. Alaska 2018).  *Cf.* Local Civil Rule 7.1(d)(2) (D. Alaska 2018) ("[A]fter briefing of a motion is complete, supplementation of factual materials may occur only by motion for good cause.  The motion must have the proposed factual materials attached as an exhibit and address the reasons earlier filing was not possible or their relevance was not appreciated.  Such motions will not routinely be granted.").

[25] *Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1060 (D. Ariz. 2018) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007)).  Although the body text of *Sunburst Minerals* refers only to the introduction of new facts, that opinion cites to *Gadda* for the proposition that "[i]t is well established that issues cannot be raised for the first time in a reply brief."  *Gadda*, 511 F.3d at 937 n.2 (citing *United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995)).

[26] *Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d 778, 784 (9th Cir. 1970) ("Local Rules are promulgated by District Courts primarily to promote the efficiency of the Court, and [] the Court has a large measure of discretion in interpreting and applying them.").

Case No. 1:14-cv-00004-SLG,  *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 6 of 15

prove liability." In presenting the issues, Gene by Gene considers only whether the alleged violations were "done for, or resulted in, profit to Gene by Gene."[27]

In his opposition, Mr. Cole was explicit as to his understanding of the scope of Gene by Gene's motion:

> Gene by Gene seeks partial summary judgment only on the issue of "profit." It does not seek any finding as to whether it disclosed Plaintiff's "DNA analysis" as contemplated by the Act (whether in terms of the public posting made by Ralph Taylor, or its disclosures to Group Administrators.) Nor does it ask the Court to decide whether any alleged or proven disclosure violated the Act.[28]

One paragraph of Section III of the Factual Background portion of Mr. Cole's opposition does address the disclosure issue. That section is titled: "Gene by Gene disclosed Mr. Cole's DNA test results to group administrators, which resulted in benefits for the company."[29] However, no aspect of Mr. Cole's ensuing argument relies on this section's brief disclosure discussion; the argument is devoted to the question of whether Gene by Gene profited.[30]

Unlike the disclosure discussion in Mr. Cole's opposition, Section II.A of Gene by Gene's reply argues that "Plaintiff cannot produce evidence that Cole's

---

[27] Docket 199 at 1–2, 8.

[28] Docket 203 at 5 n.1 (internal citations omitted).

[29] Docket 203 at 11.

[30] Docket 203 at 12–17.

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 7 of 15

genetic information was actually disclosed through this path."[31]  Gene by Gene's reply thus raises a new liability argument, rather than a "rebuttal of factual and legal arguments raised in the opposition" on the damages issue.[32]  Accordingly, in order to avoid "unfairness and surprise" to Mr. Cole, the Court will grant Mr. Cole's motion to strike this portion of the reply and will focus solely on the damages issue.[33]

## II. Gene by Gene's Motion for Partial Summary Judgment

The Act provides for the following damages: "In addition to the actual damages suffered by the person, a person violating this chapter shall be liable to the person for damages in the amount of $5,000 or, if the violation resulted in profit or monetary gain to the violator, $100,000."[34]

Gene by Gene maintains that it is entitled to summary judgment as to its potential $100,000 liability.  It asserts that no reasonable jury could find that Gene

---

[31] Docket 210 at 5.

[32] Local Civil Rule 7.1(c) (D. Alaska 2018).  Gene by Gene's reliance on *Alaska Oil & Gas Ass'n v. Salazar* is misplaced.  The *Salazar* Court held that it was "clear that all of the alleged 'new' arguments raised in Plaintiffs' reply briefs are proper and are not in fact novel" because they responded to arguments raised in earlier briefing.  *Alaska Oil & Gas Ass'n v. Salazar*, No. 3:11-CV-0025-RRB, 2012 WL 12871656, at *3 (D. Alaska July 10, 2012).  The same cannot be said of Section II.A of Gene by Gene's reply in support of its motion for partial summary judgment.

[33] *Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1060 (D. Ariz. 2018) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).

[34] AS 18.13.020.

Case No. 1:14-cv-00004-SLG,  *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 8 of 15

by Gene profited from the alleged disclosure of Mr. Cole's information. Gene by Gene makes two arguments to support its claim that it "did not profit from the Rootsweb disclosure."[35] First, Gene by Gene maintains that Mr. "Cole can only speculate as to whether any profit occurred from the unidentified disclosure."[36] Second, Gene by Gene argues that Mr. Cole "cannot produce evidence from which a jury could determine the *amount* of profits generated from such disclosure."[37]

Although Gene by Gene is correct that a litigant cannot survive summary judgment by "speculating about the potential intersection of multiple possibilities," Mr. Cole is not obligated at this stage to "prov[e]" that Gene by Gene profited from the alleged disclosure. He must merely produce evidence "such 'that a reasonable jury could return a verdict'" in his favor as to that issue.[38] Furthermore, "profit" is not the only means by which a violator may face $100,000 liability. The Act provides such liability for a violator that has received "profit or monetary gain."[39]

---

[35] Docket 199 at 10.

[36] Docket 199 at 11.

[37] Docket 199 at 12 (emphasis added).

[38] Docket 181 at 4 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[39] AS 18.13.020. *See also* Docket 203 at 15 ("The Act joins 'profit' and 'monetary gain' 'with the disjunctive "or," which tells us that the [terms] have separate meanings.'") (quoting *United States v. Vance Crooked Arm*, 788 F.3d 1065, 1074 (9th Cir. 2015).

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 9 of 15

Gene by Gene maintains that Mr. "Cole can only speculate as to whether any profit occurred from the unidentified disclosure."[40] However, Gene by Gene stated in its response to Interrogatory No. 12:

> [Gene by Gene] benefits from a network effect associated with its customers' voluntary participation in the comparative databases or the family project groups. As these projects grow in popularity, they can attract additional people who are interested in genealogy and ancestry research. Likewise, as the project databases become larger, a prospective customer may be more interested in purchasing a DNA test kit and joining the project because there is a greater likelihood that the prospective customer would be able to successfully perform genealogical research. In addition, project members or family project group administrators may seek out and encourage prospective customers to purchase a DNA test kit and join a project in order to further research that project's ancestral lineage. [Gene by Gene] does not track or quantify the indirect benefits that it receives.[41]

The Court has previously quoted the deposition testimony of Bennett Greenspan, Gene by Gene's Founder and President. Mr. Greenspan "testified that when customers join projects, Gene by Gene 'increases [its] ability to reach out to other potential test takers.'"[42] Nir Leibovich, another Gene by Gene executive, characterized project administrators' outreach to potential customers as "basically

---

[40] Docket 199 at 11.

[41] Docket 204-2 (Interrog.) at 5–6.

[42] Docket 182 at 7 (alteration in original) (quoting Docket 140-3 (sealed B. Greenspan Dep.) at 12).

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 10 of 15

like [] organic viral marketing[.]"[43] Data suggest that the project tied to the alleged disclosure of Mr. Cole's information is no exception to this phenomenon.[44]

Gene by Gene relies on two inapposite cases to support its claim that Mr. Cole's profit assertion is speculative. First, it cites to the Alaska Supreme Court's opinion in *Mahan v. Arctic Catering, Inc.* for the proposition that "Alaska state law [] condemns permitting a case to go to a jury on mere speculation."[45] The *Mahan* court upheld summary judgment for an employer because the employee, in asserting her wrongful termination claim, "offered neither direct nor strong circumstantial evidence suggesting that [the employer] actually fired her for retaliatory reasons. At most, she presented a theory of retaliation based on subjective belief and an attenuated circumstantial chain of events."[46] The plaintiff in *Mahan* was required to overcome a heightened showing of proof at summary judgment due to the "three-part [burden-shifting]" analysis distinctive to employment discrimination claims.[47]

---

[43] Docket 140-12 (sealed N. Leibovich Dep.) at 7.

[44] Docket 206-9 (sealed data); Docket 206-10 (sealed data); Docket 206-8 (sealed N. Leibovich Dep.).

[45] Docket 210 at 3 (citing *Mahan v. Arctic Catering, Inc.*, 133 P.3d 655, 662–63 (Alaska 2006)).

[46] *Mahan*, 133 P.3d at 663.

[47] *Id.* at 660.

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 11 of 15

Second, Gene by Gene relies on *Conam Alaska v. Bell Lavalin, Inc.*, a case in which the Alaska Supreme Court reversed a judgment after finding that the evidence was insufficient to support an award of damages.[48] Unlike here, the Alaska Supreme Court's damages determination in that case followed a jury trial on the merits.[49]

In this case, Mr. Cole has presented evidence at the summary judgment stage that draws a substantial link between Gene by Gene's projects and its monetary gain. Mr. Cole's information was released by a group administrator who was participating in the "organic viral marketing" that, by Gene by Gene's own admission, resulted in new customers for the firm.[50] The evidence of benefits received by Gene by Gene is "such 'that a reasonable jury could return a verdict for'" Mr. Cole as to Gene by Gene's monetary gain.[51]

---

[48] 842 P.2d 148, 157 (Alaska 1992).

[49] *Id.* at 154.

[50] Docket 140-12 (sealed N. Leibovich Dep.) at 7.

[51] Docket 181 at 4 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In its opposition to class certification, Gene by Gene maintained that "in cases where a class defendant may be exposed to millions of dollars in excessive damages vicariously for a single violation, class certification is not appropriate as it 'leads to an ad absurdum result.'" Docket 170 (Opp. to Class Cert.) at 22 (quoting *Kline v. Coldwell, Banker & co.*, 508 F.2d 226, 235 (9th Cir. 1974)). Gene by Gene also referred to "potentially ruinous liability." Docket 170 at 23 (quoting *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 721 (9th Cir. 2010)). Gene by Gene's argument then that it faced potentially dire consequences appears to conflict with its current argument that on the current record it cannot be liable for more than $5,000 per violation.

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 12 of 15

Gene by Gene also argues that Mr. Cole "cannot produce evidence from which a jury could determine the *amount* of profits generated from such disclosure."[52] To support this argument, Gene by Gene relies on *State v. Hammer*, in which a landowner and tenant sought compensation from the state government for the taking of a property. The Alaska Supreme Court, in determining that stipulated damages for the tenant's monthly lost profits had been properly presented to the jury, opined that "the trier of fact must be able to determine the amount of lost profits from evidence on the record and reasonable inferences therefrom, not from mere speculation and wishful thinking."[53] *Hammer* is inapposite for two interrelated reasons. First, Mr. Cole correctly notes that "no part of the Act requires an accounting (or even an approximation) of the profits or monetary gain resulting from a prohibited act. Rather, the Act presents a binary yes/no question: did the violation 'result[] in profit or monetary gain to the violator.'"[54] And as Gene by Gene admitted in its response to Interrogatory No. 12, the company "does not track or quantify the indirect benefits that it receives" from the "network effect associated with its customers' voluntary participation in

---

[52] Docket 199 at 12 (emphasis added).

[53] Docket 199 at 11 (emphasis omitted) (quoting *State v. Hammer*, 550 P.2d 820, 824–25 (Alaska 1976)).

[54] Docket 203 at 16 (quoting AS 18.13.020).

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 13 of 15

the comparative databases or the family project groups."[55] Therefore, a calculation of the amount of profit may be impossible. Second, *Hammer* concerned a plaintiff seeking an award for a specific amount of lost profits. Mr. Cole seeks a finding under the Act that Gene by Gene received "profit or monetary gain" such that the $100,000 statutory damages award applies.[56] Based on the foregoing, Gene by Gene's motion for partial summary judgment will be denied.

//

//

//

//

//

//

//

---

[55] Docket 204-2 (Interrog.) at 5–6. Gene by Gene's assertion that its "profit is the same" regardless of whether a customer joins a group project is inconsistent with its own admissions. Docket 199 at 10–11; Docket 210 at 4 (acknowledging that referral traffic generated by project group administrators "certainly demonstrates profit").

Mr. Cole has presented considerable evidence that Gene by Gene has received "monetary gain" as a result of the disclosure of Mr. Cole's information. *See* Docket 204-2 (Interrog.) at 5–6 (describing the benefit that Gene by Gene obtains from customers' participation in family project groups); Docket 206-9 (sealed data); Docket 206-10 (sealed data); Docket 206-8 (sealed N. Leibovich Dep.) (benefits that Gene by Gene obtained from the project tied to the disclosure of Mr. Cole's information).

[56] Docket 203 at 5; AS 18.13.020.

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 14 of 15

## CONCLUSION

In light of the foregoing, IT IS ORDERED as follows:

Mr. Cole's Motion to Strike or for Leave to File Surreply at Docket 211 is GRANTED.

Gene by Gene's Motion for Partial Summary Judgment Limiting Potential Damages at Docket 199 is DENIED.

DATED this 20th day of June, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:14-cv-00004-SLG, *Cole v. Gene by Gene*
Order re Motion for Partial Summary Judgment Limiting Potential Damages and Motion to Strike or for Leave to File Surreply
Page 15 of 15